FARMERS' LOAN AND TRUST COMPANY, Plaintiff, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Defendant.

Supreme Court, Special Term, New York County, December 5, 1928.

*Taylor, Blanc, Capron & March*, for the plaintiff.

*Charles C. Paulding*, for the defendant.

TOWNLEY, J. Motion by plaintiff for judgment on the pleadings. The answer admits all the allegations of the complaint, except the allegations " to the effect that the reciprocal provisions contained in section 248-p of the New York State Tax Law were in full force and effect on the date of decedent's death." The testator died August 4, 1927. The sole question arising upon this motion is

whether that section was then in force and effect, or was void as inseparable from the invalid provisions of article 10-A of the Tax Law (Laws of 1925, chap. 143).* The Court of Appeals declared the provisions of article 10-A, which imposed a tax, to be unconstitutional as violative of section 2 of article 4 of the Federal Constitution, declaring the citizens of each State to be entitled to the privileges and immunities of citizens in the several States. (*Smith* v. *Loughman*, 245 N. Y. 486, decided July 20, 1927.) The crux of the decision was that the statute discriminated between residents and non-residents in imposing a tax on transfers by will or intestate succession of property of non-residents. The opinion deals entirely with the question of the validity of the tax imposed by article 10-A. Section 248-p (amd. by Laws of 1926, chap. 509) is at the end of article 10-A; it is headed " Reciprocity," and provides that " the tax imposed by this article " upon non-residents in respect of personal property (except tangible personal property having an actual situs in this State) shall not be payable " if the transferor is a resident of a state or territory of the United States which at the time of the transfer did not impose a transfer tax or death tax of any character in respect of personal property of residents of this state (except tangible personal property having an actual situs in such state or territory)," or " if the laws of the state or territory of residence of the transferor at the time of the transfer contained a reciprocal provision under which nonresidents were exempted from transfer taxes or death taxes of every character in respect of personal property (except tangible personal property having an actual situs therein) providing the state, or territory of residence of such nonresidents allowed a similar exemption to residents of the state or territory of residence of such transferor." When testator died, section 1 of article 1 of the Inheritance Tax Law of the State of Pennsylvania provided: " Personal property of a non-resident decedent made taxable under this section shall not be subject to the tax so imposed if a like exemption is made by the laws of the state or country of the decedent's residence in favor of residents of this Commonwealth." (Penn. St. Supp. 1928, § 20465.) It thus appears that the two statutes contained the required reciprocal provisions for non-imposition of the taxes in New York and Pennsylvania. The shares belonging to decedent's estate of the New York Central Railroad Company, therefore, would not be subject to any Pennsylvania transfer tax unless section 248-p was not in force and effect. The New York Department of Taxation, however, took the view that the decision of *Smith* v. *Loughman* had the effect of invalidating the New York reciprocity

* Repealed and new art. 10-A added by Laws of 1928, chap. 330.— [REP.

provision, and further held that the invalidity of the tax provisions as to non-residents had the effect of reinstating the provisions imposing a tax upon transfers by non-residents as contained in a prior law, and thereunder exacted the payment of taxes on transfers by residents of Pennsylvania. The Pennsylvania tax authorities also took the view that reciprocity was destroyed and exacted the payment of taxes on transfers by residents of New York. The defendant refused to transfer on its books the stock owned by the King estate unless a consent of the Pennsylvania tax authority to the transfer thereof was delivered to it. The question presented is whether or not the effect of the decision of *Smith* v. *Loughman* is to invalidate the whole article 10-A and destroy the reciprocal provisions of section 248-p. The opinion in *Smith* v. *Loughman* does not purport to determine the validity of section 248-p. It refers to that section only incidentally, in connection with its discussion of the validity of the tax sought to be imposed by article 10-A upon transfers by non-residents.

Is section 248-p general in its application to all taxes upon transfers by non-residents, or is it to be limited to the taxes imposed by article 10-A of the Tax Law, and, therefore, void and ineffective because of the decision invalidating the imposition of such taxes? If the exact letter of the statute controls, the question is readily answered, because that restricts the application of section 248-p to " the tax imposed by this article." There being no such tax, section 248-p would have no force or effect. But if the spirit of the act controls, the question may be answered differently. The " spirit " is the intent and purpose of the Legislature in enacting the law. Did the Legislature intend that the reciprocity provisions be restricted to the particular tax imposed by article 10-A, or did it intend that they should apply to any tax which might be imposed on transfers by residents of other States, granting reciprocity? If the latter is the case, we may reject the exact and literal wording of the statute and supply the necessary language to accomplish that purpose. (*Bell* v. *Mayor, etc., of New York,* 105 N. Y. 139, 144; *Blaschko* v. *Wurster,* 156 id. 437, 442, 443; *People ex rel. Jackson* v. *Potter,* 47 id. 375, 379; 2 Lewis Suth. Stat. Const. [2d ed.] § 376, pp. 721–723; Sedg. Const. Stat. & Const. Law [2d ed.], p. 255, note a.) It is my opinion that the Legislature intended that there should be such reciprocity as would relieve the resident of the other State from the payment of any New York tax whatever upon transfers of personal property, described in the statute, provided the other State granted a like exemption to residents of New York. The Legislature believed that article 10-A covered the whole subject of transfer of taxes upon non-resident estates; and when it referred in

the section to the tax imposed by that article, it intended to cover that whole subject. If the Legislature had known that the taxing provisions of article 10-A were invalid, and that another prior law would govern transfer taxes against non-residents' estates, I believe it would nevertheless have enacted the reciprocity provisions so as to apply to the tax imposed by such prior law. The broad principle of reciprocity was predominant in the minds of the legislators, not any particular statute imposing taxes on transfers by non-residents. The movement for reciprocity was originated in 1924, and the main purpose of all those advocating it was to avoid double or still further increased taxation; to tax the transfers only in one State. Many States have adopted such reciprocity statutes (Connecticut, Massachusetts, Pennsylvania, California, Illinois, Maine, Maryland, New Hampshire, Ohio, Oregon and Virginia). Effect must be given to the apparent legislative intent, and, therefore, this statute must be read as exempting residents of Pennsylvania from all and any taxes on transfers of such personal property imposed by any statute of New York. Section 248-p is, in that aspect, clearly separable from the other provisions of article 10-A, which were held void in *Smith* v. *Loughman*, and that decision is no impediment to upholding section 248-p as thus construed. The limitation of the letter of the statute to a tax imposed by " this article " must be rejected.

Where a part of a statute is unconstitutional, that fact does not authorize the courts to declare the remainder void, unless the provisions are so connected together in subject-matter, meaning or purpose that it cannot be presumed the Legislature would have passed one without the other. (*Matter of Village of Middletown*, 82 N. Y. 196, 202.) If the remaining provision is complete in itself and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which was rejected, it must be sustained. (*Matter of Village of Middletown, supra*, 203; *Reagan* v. *Farmers' Loan & T. Co.*, 154 U. S. 362, 395; 14 S. Ct. 1047, 1053.) " If a statute attempts to accomplish two or more objects, and is void as to one, it may still be, in every respect, complete and valid as to the other." (*Matter of Village of Middletown, supra*, 203.)

Even where a single section attempts or purports to cover two entirely distinct and separable classes of cases, one properly and the other improperly, it may be upheld as to the class which constitutionally may be thus covered, even though condemned as to the other. (*Dollar Co.* v. *Canadian Car & Foundry Co.*, 220 N. Y. 270, 278.) In such a case the statute can be held entirely void *only where it is evident from a contemplation of the statute and of the purpose to be accomplished by it* that it would not have been passed

at all, except as an entirety, and that the general purpose of the Legislature will be defeated if it shall be held valid as to some cases and void as to others. (*Dollar Co.* v. *Canadian Car & Foundry Co., supra,* 279.) The principle governing division is not a principle of form. It is a principle of function. *The question is in every case whether the Legislature, if partial invalidity had been foreseen, would have wished the statute to be enforced with the invalid part excinded, or rejected altogether.* (*People ex rel. Alpha Portland Cement Co.* v. *Knapp.* 230 N. Y. 48, 60.)

Applying these tests to the statute in question, I am convinced that section 248-p must be regarded as then in full force and effect, and not affected by the invalidity of the taxing provisions of article 10-A. It is fully effective as to all taxes imposed upon the transfers of property by non-residents under any statute in force and effect at the time of decedent's death.

The motion should be granted, with ten dollars costs. Settle order on notice.