533 P.2d 564

**LONGBRIDGE INVESTMENT COMPANY, an Arizona Corporation, Appellant,**

v.

**Harold H. MOORE, Superintendent of Liquor Licenses and Control, George Gavin, Lee Little, and Richard H. Smith, as members of the Board of the Department of Liquor Licenses and Control, Appellees.**

**No. I CA–CIV 2775.**

Court of Appeals of Arizona,
Division 1,
Department A.
March 4, 1975.

**354**

Berry & Herrick, P.A. by Richard S. Berry, Tempe, for appellant.

Bruce E. Babbitt, Atty. Gen., by Nicholas C. Guttilla, Asst. Atty. Gen., Phoenix, for appellees.

## OPINION

OGG, Presiding Judge.

The appellant plaintiff Longbridge Investment Company, an Arizona corporation, filed an action seeking a declaratory judgment and an injunction against the appellees defendants Harold Moore, the Superintendent of the Department of Liquor Licenses and Control, and individual members of the Board. The plaintiff sought to enjoin the enforcement of new liquor regulations (numbers 35 through 38) and a declaratory judgment relative to the validity of these regulations. Both parties moved for summary judgment, and the court granted the defendants' motion which in effect denied plaintiff's request for injunctive relief and upheld the validity of the new regulations. The plaintiff then filed this appeal.

The plaintiff operates P. J's, a bar and cocktail lounge, located just outside the city limits of Tempe, Arizona. The plaintiff provides a floor show in which female topless go-go dancers perform for the entertainment of customers. Although the contested regulations 35 through 38 deal with the broad topic of entertainment on premises where liquor is sold, the conduct exhibited at the plaintiff's business only involves topless dancers under regulation 35. Plaintiff has nevertheless challenged all of these regulations in the complaint for the declaratory judgment; the theory being that all are in the same category and all must stand or fall on the same legal grounds.

The regulations under attack as adopted by the Department of Liquor Licenses and Control read: "REGULATION NO. 35

No licensee shall, on the licensed premises:

A. Employ or use any person as an entertainer or in the sale or service of alcoholic beverages in or upon the licensed premises while such person is unclothed or in such attire, costume or clothing as to expose to view any portion of the areola of the female breast or any portion of his or her pubic hair, anus, cleft of the buttocks, vulva or genitals;

B. Employ or use the services of any hostess or other person to mingle with the patrons while such hostess or other person is unclothed or in such attire, costume or clothing as described in paragraph (A) above;

C. Encourage or permit any person on the licensed premises to touch, caress or fondle the breast, buttocks, anus or genitals of any other person; and

D. Permit any employee or person to wear or use any device or covering exposed to view, which simulates the breast, genitals, anus, pubic hair or any portion thereof.

If any provision of this rule or the application thereof to any person or circumstances is held invalid, such invalidity shall not affect other provisions or application of the rule which can be given effect without the invalid provisions or application, and to this end the provisions of this regulation are severable.

REGULATION NO. 36

A. No licensee shall permit, on the licensed premises, any person to perform acts of or acts which constitute or simulate:

(1) Sexual intercourse, masturbation, sodomy, bestiality, oral copulation, flagellation or any sexual acts which are prohibited by law;

(2) The touching, caressing or fondling of the breast, buttocks, anus or genitals; and

(3) The displaying of any portion of the areola of the female breast, or any portion of his or her pubic hair, anus, vulva or genitals.

B. No licensee shall permit any person to use artificial devices or inanimate objects to depict any of the prohibited activities described above.

C. No licensee shall permit any person to remain in or about the licensed premises who exposes to public view any portion of the areola of the female breast or any portion of his or her pubic hair, anus, vulva or genitals.

If any provision of this rule or the application thereof to any person or circumstances is held invalid, such invalidity shall not affect other provisions or application of the rule which can be given effect without the invalid provision or application, and to this end, the provisions of this rule are severable.

## REGULATION NO. 37

No licensee shall permit, on the licensed premises, the showing of film, slide pictures, or any other electronic reproduction depicting:

A. Acts or simulated acts of sexual intercourse, masturbation, sodomy, bestiality, oral copulation, flagellation or any sexual acts which are prohibited by law;

B. Any person being touched, caressed or fondled on the breast, buttocks, anus or genitals;

C. Scenes wherein a person displays any portion of the areola of the female breast or any portion of his or her pubic hair, anus, vulva or genitals; and

D. Scenes wherein artificial devices or inanimate objects are employed to depict any of the prohibited activities described above.

## REGULATION NO. 38

No licensee, or employee thereof, shall knowingly permit, on the licensed premises, any solicitation of, or act of, prostitution.

If the provisions of this rule or the application thereof to any person or circumstances if held invalid, such invalidity shall not affect other provisions or application of the rule which can be given effect without the invalid provision or application, and to this end, the provisions of this rule are severable."

Plaintiff contends that the Arizona State Legislature did not confer the defendant with the power to regulate the entertainment provided in those business establishments which are regulated by the defendants. Plaintiff further contends that the defendants have statutory authority to regulate the conduct of patrons at the place where intoxicating liquors are sold, but they are not authorized to regulate the conduct of employees. Plaintiff's final contention is that the contested regulations infringe upon the freedoms of expression, association, and communication as defined and protected by the Arizona and United States Constitutions.

Plaintiff makes a persuasive policy argument that the defendants are not the proper authorities to determine what entertainment is to be permitted in the liquor dispensing establishments of this state. In our opinion, however, the present legislative authority granted to the Superintendent and the Board of Arizona Department of Liquor Licenses and Control does authorize them to promulgate Regulations 35 through 38 and that these regulations do not infringe upon anyone's constitutional rights.

Plaintiff relies upon Duncan v. A. R. Krull Co., 57 Ariz. 472, 114 P.2d 888 (1941) for the proposition that an administrative agency is limited in passing any regulation unless the legislature has given authorization for such a regulation. In that case, the court noted that "rules and regulations by an administrative or executive officer or body are always subordinate to the terms of the statute and in aid of the enforcement of its provisions." The court further stated:

"The general principle governing the conditions under which the power to make rules and regulations may be dele-

gated has been stated as follows: A legislature, in enacting a law complete in itself and designed to accomplish the regulation of particular matters falling within its jurisdiction, may expressly authorize an administrative commission, within definite valid limits, to provide rules and regulations for the complete operation and enforcement of the law within its expressed general purpose. So long as a policy is laid down and a standard is established by a statute, no unconstitutional delegation of legislative power is involved in leaving to selected instrumentalities both the making of subordinate rules within prescribed limits and the determination of facts to which the policy as declared by the legislature is to apply. . . . . 11 Am.Jur. 955, sec. 240.

*Before the superintendent could make a regulation such as No. 36 it should appear that such regulation has for its purpose the carrying into effect of some provision of the act. (Emphasis added)"* 57 Ariz. at 476, 114 P.2d at 890.

In Duncan, the Court invalidated a liquor regulation which prohibited the sale of beer in cans having a capacity of less than 11 fluid ounces. At that time a specific statute made it unlawful to sell spirituous liquors in any container having a capacity of less than 8 ounces. The Court held that the Superintendent of Liquor, pursuant to his general grant of authority to administer Title 4, ARS, could not establish a standard which would be less permissive than the standard promulgated by the legislature. In the final paragraph of the opinion the Court stated:

*"An analysis of the whole act discloses no provision therein that the regulation will assist* in carrying out, nor, as we see it, will it aid in the proper conduct of the wholesaler's or the off-sale retailer's business, or assist the state officers in collecting taxes or in procuring compliance with the law by licensees. Section 72–103(b) 1, 1a, 1b, 1c and 1d, supra." 57 Ariz. at 450, 114 P.2d at 891.

We are in complete accord with the Duncan decision and agree that the key issue to be determined in this case is whether the regulations as adopted may be reasonably implied from a consideration of the statutory scheme as a whole to carry out the purposes and intent of the legislative mandate. It is not necessary to set forth the legislative authority in express terms; it is the law of this state that an agency may promulgate regulations which may be reasonably implied from "a consideration of the statutory scheme as a whole." State of Arizona v. Arizona Mines Supply Co., 107 Ariz. 199, 484 P.2d 619 (1971).

The Superintendent administers the provisions of Title 4 of the Arizona Revised Statutes pursuant to ARS § 4–112.B. The regulations at issue were promulgated by the Superintendent pursuant to ARS § 4–112.B1(a) and (b), which provide:

"B. Except as provided in subsection A, the superintendent shall administer the provisions of this title, including:

1. Adopting regulations:

(a) For carrying out the provisions of this title.

(b) For the *proper conduct* of the business to be carried on under each specific type of spirituous liquor license." [Emphasis added].

In State v. Arizona Mines Supply, supra, the court summarized the general rules relative to the delegation of authority and noted that the modern tendency is to be more liberal in granting rule making powers to those administrative agencies which deal with complex economic and governmental regulations. The court held that the terms "necessary" and "feasible" were distinct and adequate standards under which rules and regulations could be promulgated. In our opinion, the "proper conduct" standard used in § 4–112.B. 1(b) is equally distinct and adequate.

The spirituous liquor industry is a field in which the business complexities have steadily increased, making it almost

impossible for the legislature to set down comprehensive rules covering all aspects of the industry. Yet, the very nature of the industry and its unique effect upon the health and welfare of the public, subjects it to strict regulation. Mayor and Common Council of City of Prescott v. Randall, 67 Ariz. 369, 196 P.2d 477 (1948). Consequently, under the mandates of State v. Arizona Mines Supply, supra, a delegation of rule making power to the Superintendent and the Board should be liberally construed. In the case of Mendelsohn v. Superior Court, 76 Ariz. 163, 261 P.2d 983 (1953), the Arizona Supreme Court said:

> "liquor control legislation, while incidentally intended in some cases to produce revenue, has as its primary aid the protection of public welfare by preserving health, and eliminating intemperance and the undesirable social and moral effects commonly associated with the saloon. . . ." 76 Ariz. at 169, 261 P.2d at 988.

In Yauch v. State, 109 Ariz. 576, 514 P. 2d 709 (1973), the Arizona Supreme Court vacated an opinion of the court of appeals, 19 Ariz.App. 175, 505 P.2d 1066 (1973), and ruled that the Tucson City ordinances barring "topless" and "bottomless" dancers in restaurants and bars were valid. The court, in interpreting the Tucson ordinance, which was almost identical to Regulation 35 at issue in this case, found that the conduct outlawed by the Tucson ordinance was similar to a public nuisance. The court found that such conduct had the elements of the common-law offense known as indecent exposure in that there was a wilfull exposure of nudity in a public place in the presence of others. Since the conduct which the Superintendent is attempting to regulate here has been characterized as a public nuisance and as an indecent exposure, it would appear reasonable that such activity could be regulated under the authority of the Superintendent to impose regulations to insure the *proper conduct* of the liquor business.

The plaintiff's argument that such regulations infringe upon their constitutional rights was answered in Yauch. In that case the court found that nudity in the setting of bars and restaurants where spirituous liquor was served was for commercial exploitation, and its elimination would have no chilling effect upon the freedom of speech and the exchange of ideas. The court quoted with approval from City of Portland v. Derrington, 253 Or. 289, 451 P.2d 111 (1969):

> "When nudity is employed as sales promotion in bars and restaurants, nudity is conduct. As conduct, the nudity of employes is as fit a subject for governmental regulation as is the licensing of the liquor dispensaries and the fixing of their closing hours." 253 Or. at 292, 451 P.2d at 113.

In California v. LaRue, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972), the United States Supreme Court considered a constitutional attack upon California's Department of Alcoholic Beverage Control regulations which are similar to the Arizona Superintendent's regulations under attack in this case. The Supreme Court held that the California regulations violated neither the First nor Fourteenth Amendments and that they were constitutional.

It should be noted that the Court in LaRue, as did the Arizona Supreme Court in Yauch, specifically held that the constitutionality of the challenged regulations did not turn on a finding that the conduct involved was obscene.

We hereby affirm the decision of the trial court which denied injunctive relief and determined the contested regulations 35 through 38 to be valid and constitutional.

DONOFRIO and JACOBSON, JJ., concur.