**Paul A. RICHTER dba the Body Shop, Plaintiff-Appellant,**

v.

**DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL OF the STATE OF CALIFORNIA, et al. Defendants-Appellees.**

**No. 77–1789.**

United States Court of Appeals, Ninth Circuit.

Aug. 29, 1977.

Joshua Kaplan, argued, Don Erik Franzen, Hertzberg, Kaplan & Koslow, Los Angeles, Cal., for plaintiff-appellant.

William R. Winship, Jr., argued, San Diego, Cal., for defendants-appellees.

Before BARNES, SNEED, Circuit Judges, and WONG,* District Judge.

BARNES, Senior Circuit Judge:

Appellant operates an establishment in San Diego, "The Body Shop," which serves alcoholic beverages and which offers to the public performances of nude dancing.[1] The California Department of Alcoholic Beverage Control ("the Department")[2] enacted Administrative Rule 143.3 which, inter alia, provides that no liquor license shall be held at any premises wherein the live entertainment includes the "displaying of the pubic hair, anus, vulva or genitals."[3] The United States Supreme Court found Rule 143.3 to be valid on its face in *California v. LaRue*, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972).

On March 18, 1976, the Department initiated another in a series of administrative proceedings against the appellant for viola-

* Honorable Dick Yin Wong, United States District Judge for the District of Hawaii, sitting by designation.

1. According to appellant's briefs and the pleadings in the record, appellant's establishment is open to adults only. The performances of nude dancing cannot be viewed from outside the premises. A sign posted at the entrance stated: "If you would be offended by nude entertainment, do not come in." A similar sign is posted inside. Performances are presented on a raised stage which is separated from the members of the audience.

2. The Department is a state administrative agency vested by the California Constitution with primary authority for the licensing of the sale of alcoholic beverages in that state. It also has the authority to suspend or revoke any such license if it determines that the continuation of the license would be contrary to public welfare or morals. Art. 20, § 22 California Constitution.

3. Rule 143.3 provides, in relevant part:

143.3 *Entertainers and Conduct.* Acts or conduct on licensed premises in violation of this rule are deemed contrary to public welfare and morals, and therefore no on-sale license shall be held at any premises where such conduct or acts are permitted. Live entertainment is permitted on any licensed premises, except that:
(1) No licensee shall permit any person to perform acts of or acts which simulate:
(a) Sexual intercourse, masturbation, sodomy, bestiality, oral copulation, flagellation or any sexual acts which are prohibited by law.
(b) The touching, caressing or fondling on the breast, buttocks, anus or genitals.
(c) The displaying of the pubic hair, anus, vulva or genitals.
(2) Subject to the provisions of Subdivision (1) hereof, entertainers whose breasts and/or buttocks are exposed to view shall perform only upon a stage at least 18 inches above the immediate floor level and removed at least six feet from the nearest patron.

tion of Rule 143.3(1)(c).[4] Prior to a hearing on the matter, appellant filed an action in the district court below seeking: (a) a declaration that the application of the Rule to the appellant's particular situation was an impermissible invasion of his constitutional rights, (b) a preliminary injunction restraining the Department from enforcing the Rule against the appellant, and (c) the convening of a three-judge court to hear the controversy. On June 3, 1976, the district court ruled against a preliminary injunction and against the convening of a three-judge court. On August 4, 1976, the administrative law judge recommended that appellant's license be revoked. That recommendation was adopted by the Department. On April 29, 1977, the Alcoholic Beverage Appeals Board affirmed the Department's decision. Pursuant to § 23090.5 of the California Business and Professions Code, appellant sought review via a writ of mandamus from the California Court of Appeals, but said writ was denied. Likewise, a writ of mandamus was also denied by the California Supreme Court.

Appellant appeals the district court's denial of his preliminary injunction and his application for convening of a three-judge court. We affirm.

I

■ The basic question raised by this appeal is whether the Supreme Court's decision in *California v. LaRue*, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972) precludes any possible viability of appellant's arguments herein. In *LaRue*, the Court sustained the facial constitutionality of the Department's regulations proscribing certain live and filmed entertainments in establishments holding liquor licenses. Initially, it was noted that, in the public hearings conducted by the Department prior to the issuance of the regulations, there were reports of widespread shocking and illegal sexual activity occurring in or near the "topless" and "bottomless" bars. However, because of its interpretation of the Twenty-first Amendment, the Court found it unnecessary to decide the issue on the basis of whether the entertainment involved was obscene, and hence not within the protection of the First Amendment, or was more conduct than expression, and hence could be regulated as a prohibited form of conduct. Rather, the Court held that the broad power to control the sale of liquor granted to the states by the Twenty-first Amendment established a presumption in favor of the validity of the state regulation so long as the regulation was reasonable and rationally related to the furtherance of legitimate state interests. Notwithstanding the above reasoning, the Court did reserve the question of whether future concrete applications of the rules might be unconstitutional. Specifically, the Court stated:

> The substance of the regulations struck down prohibits licensed bars or nightclubs from displaying, either in the form of movies or live entertainment, "performances" that partake more of gross sexuality than of communication. While we agree that at least some of the performances to which these regulations address themselves are within the limits of the constitutional protection of freedom of expression, the critical fact is that California has not forbidden these performances across the board. It has merely proscribed such performances in establishments that it licenses to sell liquor by the drink.

> Viewed in this light, we conceive the State's authority in this area to be some-

---

4. The appellant had been found in violation of Rule 143.3(1)(c) on three prior occasions by administrative hearing officers. Accusation 43 (4–10–74), Accusation 18981 (11–12–73), and Accusation 18386 (7–30–73). *See* Clerk's Record ("C.R.") at 21. In each case, appellant took an appeal but the Department adopted the hearing officer's proposed decision. Likewise, in each case, a further appeal was taken to the Alcoholic Beverage Control Appeals Board which affirmed the Department's decision. Petitions for writs of review were denied by the California Court of Appeals and the California Supreme Court. Appellant's application for stay pending petition for writ of certiorari in the United States Supreme Court was initially denied by Justice Rehnquist and subsequently by Justice Brennan after the latter presented the matter to the entire Court.

what broader than did the District Court. This is not to say that all such conduct and performance are without the protection of the First and Fourteenth Amendments. But we would poorly serve both the interests for which the State may validly seek vindication and the interests protected by the First and Fourteenth Amendments were we to insist that the sort of bacchanalian revelries that the Department sought to prevent by these liquor regulations were the constitutional equivalent of a performance by a scantily clad ballet troupe in a theater.

The Department's conclusion, embodied in these regulations, that certain sexual performances and the dispensation of liquor by the drink ought not to occur at premises that have licenses was not an irrational one. Given the added presumption in favor of the validity of the state regulation in this area that the Twenty-first Amendment requires, we cannot hold that the regulations on their face violate the Federal Constitution.[5]

[5] Because of the posture of this case, we have necessarily dealt with the regulations on their face, and have found them to be valid. The admonition contained in the Court's opinion in *Seagram & Sons v. Hostetter*, 384 U.S. 35, 52 [86 S.Ct. 1254, 1264, 16 L.Ed.2d 336] (1966), is equally in point here: "Although it is possible that specific future applications of [the statute] may engender concrete problems of constitutional dimension, it will be time enough to consider any such problems when they arise. We deal here only with the statute on its face. And we hold that, so considered, the legislation is constitutionally valid."

*LaRue, supra*, 409 U.S. at 118–119, 93 S.Ct. at 397.

In this case, there was never any showing that there ever occurred in or near The Body Shop the "bacchanalian revelries" which the Department sought to prevent by enacting Rule 143.3. Appellant argues that despite the holding of facial constitutionality in *LaRue*, the courts still have the responsibility to review the application of Rule 143.3 to specific concrete situations even where the situation is one which is clearly encompassed within the perimeters of the Rule. Thus, although the appellant admits to having nude dancing in his estab-lishment, he contends that before his license may constitutionally be revoked, it must be determined that the nude dancing was more a form of "gross sexuality" than "communicative expression."

Appellant cites several district court cases to support his position that *LaRue* did not sanction any erosion of the First Amendment protections where the performance did not "partake of gross sexuality akin to a bacchanalian revelry." *I. e., Clark v. City of Fremont, Nebraska*, 377 F.Supp. 327 (D.Neb.1974); *Peto v. Cook*, 364 F.Supp. 1 (S.D.Ohio 1973), *aff'd*, 415 U.S. 943, 94 S.Ct. 1462, 39 L.Ed.2d 560 (1974); *Escheat, Inc. v. Pierstorff*, 354 F.Supp. 1120, 1125–26 (W.D.Wis.1973). Likewise, he points to dicta from a recent Supreme Court decision which held that the strength of the presumption of validity in regulations made pursuant to the Twenty-first Amendment is not sufficient to defeat an otherwise established claim of invidious discrimination in violation of the Equal Protection Clause. *See Craig v. Boren*, 429 U.S. 190, 207, 97 S.Ct. 451, 462, 50 L.Ed.2d 397 (1976), wherein it is stated: ". . . *California v. LaRue*, 409 U.S. 109, 115 [93 S.Ct. 390, 395, 34 L.Ed.2d 342] (1972), relied upon the Twenty-first Amendment to 'strengthen' the State's authority to regulate live entertainment at establishments licensed to dispense liquor, at least when the performances 'partake more of gross sexuality than of communication,' *id*. at 118 [93 S.Ct. [390] at 397]."

However, the language in *LaRue, supra*, 409 U.S. at 118, 93 S.Ct. at 397, clearly states that the Court did sanction a limitation upon where performances of the type described in the regulation could be held even though it recognized that some of those performances would be within the scope of the First Amendment protections.

"While we agree that at least some of the performances to which these regulations address themselves are within the limits of the constitutional protection of freedom of expression, the critical fact is that California has not forbidden these performances across the board. It has mere-

ly proscribed such performances in establishments that it licenses to sell liquor by the drink."

Indeed, Mr. Justice Rehnquist, the author of the *LaRue* opinion, in another case involving regulation of topless dancing, described the holding of *LaRue* in the following manner:

"Although the customary 'bar room' type of nude dancing may involve only the barest minimum of protected expression, we recognized in *California v. LaRue*, 409 U.S. 109, 118, [93 S.Ct. 390, 397, 34 L.Ed.2d 342] (1972), that this form of entertainment might be entitled to First and Fourteenth Amendment protection under some circumstances. In *LaRue*, however, we concluded that the broad powers of the States to regulate the sale of liquor, conferred by the Twenty-first Amendment, outweighed *any* First Amendment interest in nude dancing and that *a state could therefore ban such dancing as a part of its liquor license program.*" [Emphasis added].

*Doran v. Salem Inn, Inc.*, 422 U.S. 922, 932–33, 95 S.Ct. 2561, 2568, 45 L.Ed.2d 648 (1975). *See also* opinion of Judge Rehnquist in *City of Kenosha v. Bruno*, 412 U.S. 507, 515, 93 S.Ct. 2222, 2227, 37 L.Ed.2d 109 (1973): "We also held [in *California v. LaRue* ] that regulations prohibiting the sale of liquor by the drink on premises where there were nude but not necessarily obscene performances were facially constitutional."

In *LaRue*, it is evident that the Court refused to apply the overbreadth doctrine to the regulations established by the Department even though the literal application of the regulations could, in given situations, affect expression which is protected by the First Amendment. Some courts and commentators have viewed the *LaRue* opinion as ambiguous because it is seemingly inconsistent with the First Amendment's "preferred position" as delineated in such prior Supreme Court decisions as *Murdock v. Pennsylvania*, 319 U.S. 105, 115, 63 S.Ct. 870, 87 L.Ed. 1292 (1943). *See, e. g., Escheat, Inc., supra*, 354 F.Supp. at 1126; The Supreme Court, 1972 Term, 87 Harv.L.Rev.

1, 137–138 (1973). However, as emphasized by the Court in *LaRue*, the focus of our inquiry should not be directed to the restriction of access to the particular form of expression herein, but rather must be directed to the restriction of the viewer's access to liquor. First Amendment rights are indirectly related, but only in the sense that they cannot be freely exercised in certain locations, specifically in the context of the commercial exploitation of *both* the expression delineated in the regulations, which may be protected by the First Amendment, and the sale of liquor, which is within the state's power to control. Nude dancing, as the type performed in appellant's establishment, is not the subject of the prohibition, rather it is the sale of alcoholic beverages.

By way of analogy, if it were demonstrated that there was an alarming increase in assaults and other disturbances caused by sports fans who became drunk and disorderly at various large sporting arenas, the state could properly forbid the sale of liquor in the stadiums during athletic events. While such regulation could be said to interfere with the First Amendment rights of the stadium owners and the fans, it seems clear that the subject of the restriction is not the expression—the athletic contest—but the sale of liquor on such occasion. The goal of the regulation is not censorship of the expression but the prevention of crime and disorderly conduct which is concomitant with the consumption of liquor in such situations. In this case, it was shown at the hearings held prior to the promulgation of the rules that a vast amount of various crimes (*e. g.*, rape, prostitution, public indecency, assaults, etc.) was taking place on or near premises wherein the forms of entertainment delineated in the rules occurred. The Department's regulations were a form of prophylactic action to prevent victimizing by, or victimization of, intoxicated patrons of such establishments. The Supreme Court in *LaRue* found the Department's efforts to be reasonable and this court is bound by that holding.

The recent Supreme Court decision in *Young v. American Mini Theatres*, 427 U.S. 50, 96 S.Ct. 2440, 49 L.Ed.2d 310 (1976), is also instructive. In *Young*, the Court upheld as constitutional Detroit's zoning ordinances which prohibited the location of an "adult theater" within 1000 feet of any two other "regulated uses" (which applied to 10 different kinds of establishments including adult book stores, cabarets, bars, taxi dance halls, and hotels) or within 500 feet of a residential area. An adult movie theatre was defined in terms of whether the films presented were characterized by an emphasis on matter depicting, describing or relating to a specified list of sexual activities or human anatomical areas. Inter alia, the Court held that the regulation of the place where films may be exhibited on the basis of their content did not offend the First Amendment. Thus, the state here could regulate the places where liquor can be served on the basis of the type of entertainment it provides so long as the state proceeds in a reasonable manner and has a rational basis in its enactments.

The appellant is incorrect in his contention that it must initially be determined whether the entertainment is more "gross sexually" than "communicative expression." If it is concluded, as it apparently was in *LaRue*, that the combination of nude dancing and alcoholic inebriation increases to an unacceptable level the likelihood of illegal and/or disorderly conduct, the state can properly prohibit the combination of the two. The issue, therefore, is not whether the nude dancing is so near gross sexually as to approach obscenity, but whether nude dancing of any sort when performed in establishments serving liquor is sufficiently likely to cause properly proscribed conduct. Thus, the fact that the nude dancing here may have been entirely tasteful is irrelevant, once it is accepted that the state can constitutionally prohibit the serving of liquor in establishments which provide nude dancing.

For the reasons stated, we find that the district court judge did not err in denying the appellant's request for preliminary injunction and the convening of a three-judge court. Given the *LaRue, Salem Inn* and *Young* opinions, it is clear that the appellant failed to demonstrate probable success on the merits, *William Inglis & Sons Banking Co. v. I.T.T. Continental Baking Co., Inc.*, 526 F.2d 86, 88 (9th Cir. 1975), and failed to raise a substantial constitutional question, *Goosby v. Osser*, 409 U.S. 512, 518, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973). The decision below is AFFIRMED.

## II

On July 11, 1977, appellant filed with this court an emergency motion to stay proceedings pending appeal. This panel refused to grant the stay, and continued the matter until the day of oral argument. For the record, because of the reasons stated above, appellant's emergency motion is likewise hereby DENIED.