Dear Mr. Butler:
This opinion is issued in response to your request concerning the following question:
 "Is the Missouri Department of Consumer Affairs, Regulation and Licensing authorized by section 337.050 RSMo (Supp. 1977) to promulgate a rule allowing the department, upon the advice of the State Committee of Psychologists to grant an applicant for licensure a temporary license to practice psychology in the State of Missouri until such time as that applicant is first examined by the department?"
Section 337.050.5, RSMo (Supp. 1977) states:
 "The department may adopt and promulgate rules governing the conduct of the committee members, setting forth limits of reimbursement of its members, as set forth in subsection 4 of this section, and such other rules, in accordance with law, as shall be reasonable and proper in enabling the committee to function and carry out the purposes of sections 337.010 to 337.070. All such rules shall be promulgated and published in the manner provided in chapter 536, RSMo."
Section 337.050.5, RSMo (Supp. 1977), does grant power to the department to promulgate certain rules and regulations; however, without going into what specific rules the department could properly promulgate, it must be noted that inherent in the grant of any rule-making power is the limitation that the rule or regulation be based on provisions found in the statute under which the rule purports to be made. In Chapter 337, RSMo (Supp. 1977), there is absolutely no provision concerning temporary licensure to practice psychology. Therefore, in the absence of any statutory provision for such temporary licensure, there clearly is no right to promulgate a rule or regulation establishing this licensure, and any such rule would be invalid.
Whatever force and effect a rule or regulation has is derived entirely from the statute under which it is enacted. A regulation cannot supply omissions of the statute. 2 Am.Jur.2d,Administrative Law, § 289 (1962). Promulgating a rule providing for temporary licensure enlarges upon the terms of the statute, and clearly the department cannot enlarge upon the scope and terms of the statutes governing the practice of psychology under the guise of its rule-making power. Breslerv. Tietjen, 424 S.W.2d 65, 70 (Mo.Banc 1968); Foremost-McKesson,Inc. v. Davis, 488 S.W.2d 193 (Mo.Banc 1972). Numerous cases in other jurisdictions affirm this notion. Hart and MillerIslands Area Environmental Group, Inc. v. Corps of Engineersof the United States, 459 F. Supp. 279 (D.C.Md. 1978); LongbridgeInv. Co. v. Moore, 533 P.2d 564 (Ariz. 1975); DeThornev. Beck, 280 So.2d 448 (Fla. 1973); People v. Kueper,249 N.E.2d 335 (Ill. 1969); State ex rel. Londerholm v. Columbia PicturesCorp., 417 P.2d 225 (Kan. 1966).
CONCLUSION
It is the opinion of this office that the Department of Consumer Affairs, Regulation and Licensing, is not authorized to promulgate a rule allowing the department, upon the advice of the State Committee of Psychologists to grant an applicant for licensure a temporary license to practice psychology in the State of Missouri.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Bobette Shipman.
Very truly yours,
 JOHN ASHCROFT Attorney General