514

611 P.2d 101

**Charles BARMAT, Plaintiff/Appellee,**

v.

**Lloyd ROBERTSON, Superintendent, Department of Liquor Licenses and Control; Arizona Department of Liquor Licenses and Control, an Arizona administrative agency, Defendants/Appellants.**

No. 2 CA–CIV 3299.

Court of Appeals of Arizona,
Division 2.

Feb. 22, 1980.

Rehearing Denied April 9, 1980.

Review Denied May 6, 1980.

Hirsh & Bayles by Donald H. Bayles, Jr., Tucson, for plaintiff/appellee.

Robert K. Corbin, Atty. Gen. by Michael W. Sillyman, Asst. Atty. Gen., Phoenix, for defendants/appellants.

## OPINION

HATHAWAY, Chief Judge.

This is an appeal from a superior court order reversing a decision of the Arizona Department of Liquor Licenses and Control to suspend appellee's liquor license. The basis for the decision was that the state had not met its burden of proving that a dance performance on appellee's premises partook more of gross sexuality than of communication. The issue presented on appeal is:

"Does a finding by the Arizona State Liquor Board that a licensee violated the nude dancing provisions of Superintendent's Regulations R4–15–54.1, R4–15–55.-A.3 and R4–15–55.C require a judicial determination that the conduct found to be in violation partook more of gross sexuality than communication in order for an order of suspension to issue?"

Regulations 4–15–54 and 4–15–55 provide:

"R4–15–54. Clothing Requirements, Employees

No licensee shall, on the licensed premises:

1. Employ or use any person as an entertainer or in the sale or service of alcoholic beverages in or upon the licensed premises while such person is unclothed or in such attire, costume or clothing as to expose to view any portion of the areola of the female breast or any portion of his or her pubic hair, anus, cleft of the buttocks, vulva or genitals;

. . .

R4–15–55. Sex Acts Prohibited, Real or Simulated

A. No licensee shall permit, on the licensed premises, any person to perform acts of or acts which constitute or simulate:

\*    \*    \*    \*    \*    \*

3. The displaying of any portion of the areola of the female breast, or any portion of his or her pubic hair, anus, vulva or genitals.

\*    \*    \*    \*    \*    \*

C. No licensee shall permit any person to remain in or about the licensed premises who exposes to public view any portion of the areola of the female breast or any portion of his or her pubic hair, anus, vulva or genitals.

If any provision of this rule or the application thereof to any person or circumstances is held invalid, such invalidity shall not affect other provisions or application of the rule which can be given effect without the invalid provision or application, and to this end, the provisions of this rule are severable."

It is undisputed that the female entertainer who performed upon the licensed premises was nude. The liquor board found that appellee had violated the foregoing regulations and therefore suspended his liquor license for a period of 10 days. On appeal to superior court, the suspension order was originally upheld, the court finding "that while the Board's Findings of Facts did not contain a finding that the dance in question partook more of gross sexuality than of communication, the Verbatim Transcript supports such a finding." On reconsideration, the court ruled that prior to suspension of the license, a judicial determination in an adversary hearing of whether the performance giving rise to the suspension constituted gross sexuality was required. At the time set for hearing, the state presented no additional evidence but rested on the transcript of the administrative record before the liquor board. Its position was that a judicial hearing was not required and that the administrative decision was supported by the evidence presented.

In setting aside its prior order of affirmance, the trial court stated:

"That without exception, the federal cases cited to the Court by the parties clearly establish that before the decision of the defendants to suspend the plaintiff's liquor license for ten days may be modified, affirmed or reversed in whole or in part by the Superior Court pursuant to A.R.S. Sec. 12–911, there must be a judicial determination in an adversary

hearing of whether the performance giving rise to the suspension constitutes gross sexuality and thus within the permissible limits of regulation as set forth in *California v. LaRue*, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972), as was recently stated:

'[T]he First Amendment requires prompt judicial determination in such cases "because of the independence of the judiciary and because of the 'sensitive tools' which the judiciary brings to the delicate task of distinguishing between protected and unprotected speech." '

*Clark v. City of Freemont, Nebraska*, 377 F.Supp. 327, 340 (1973)." (Emphasis in original)

We do not agree and reverse.

In *California v. LaRue*, supra, the United States Supreme Court sustained the facial constitutionality of California Liquor Department Regulations similar to those involved here. Because of its interpretation of the Twenty-First Amendment, the court found it unnecessary to decide the issue of the regulations' constitutionality by traditional First Amendment standards. 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342. While the court admitted the regulations proscribed some forms of entertainment entitled to the protection of the First Amendment, the regulations were addressed to the conduct rather than speech elements of the entertainment. Id. The court went on to apply a rational basis test, stating that a state may promulgate broad prophylactic rules banning sexually explicit entertainment at licensed taverns so long as they present a reasonable exercise of a state's Twenty-First Amendment powers and are rationally related to the furtherance of legitimate state interests. Because the court could not conclude that the department's decision that certain sexual performances ought not occur at licensed taverns selling liquor as a drink was an irrational one, the regulation on its face did not violate the First and Fourteenth Amendments to the Constitution. Id.

We agree with the Ninth Circuit Court of Appeals in *Richter v. Department of Alcoholic Beverage Control*, 559 F.2d 1168 (1977), in which it was held that a judicial determination that the nude dancing was more a form of "gross sexuality" than "communicative expression" is not required before a license may be revoked.

Appellee relies on several district court cases for the proposition that *LaRue* did not sanction any erosion of the First Amendment protections where the performance did not partake of gross sexuality akin to a bacchanalian revelry. See *Clark v. City of Freemont, Nebraska*, supra; *Peto v. Cook*, 364 F.Supp. 1 (S.D.Ohio 1973), aff'd sub nom. *Guggenheim v. Peto*, 415 U.S. 943, 94 S.Ct. 1462, 39 L.Ed.2d 560 (1974); *Escheat, Inc. v. Pierstorff*, 354 F.Supp. 1120 (W.D. Wis.1973). He also points to dicta from *Craig v. Boren*, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976), which held the strength of the presumption of validity of regulations made pursuant to the Twenty-First Amendment is not sufficient to defeat an otherwise established claim of invidious discrimination in violation of the equal protection clause. The court stated in *Craig*:

> "*California v. LaRue*, 409 U.S. 109, 115 [93 S.Ct. 390, 395, 34 L.Ed.2d 342] (1972), relied upon the Twenty-first Amendment to 'strengthen' the State's authority to regulate live entertainment at establishments licensed to dispense liquor, at least when the performances 'partake more of gross sexuality than of communication.' (citation omitted)." 429 U.S. at 208, 97 S.Ct. at 462. (Emphasis in original)

The *LaRue* decision did recognize, however, that some of the performances prohibited by the California regulations, although within the scope of First Amendment protection, could be limited as to location:

> "While we agree that at least some of the performances to which these regulations address themselves are within the limits of the constitutional protection of freedom of expression, the critical fact is that California has not forbidden these performances across the board. It has merely proscribed such performances in estab-

lishments that it licenses to sell liquor by the drink." 409 U.S. at 118, 93 S.Ct. at 397.

In *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975), another case involving regulation of topless dancing, the author of *LaRue*, Mr. Justice Rehnquist, referred to *LaRue*:

> "Although the customary 'barroom' type of nude dancing may involve only the barest minimum of protected expression, we recognized in *California v. LaRue*, 409 U.S. 109, 118 [93 S.Ct. 390, 397, 34 L.Ed.2d 342] (1972), that this form of entertainment might be entitled to First and Fourteenth Amendment protection under some circumstances. In *LaRue*, however, we concluded that the broad powers of the States to regulate the sale of liquor, conferred by the Twenty-first Amendment, outweighed any First Amendment interest in nude dancing and that a State could therefore ban such dancing as part of its liquor license program." 422 U.S. at 932, 933, 95 S.Ct. at 2568. (Emphasis in original)

We agree with the *Richter* court that nude dancing is not the subject of prohibition but rather the serving of liquor in establishments that provide nude dancing. The goal of the regulation is not censorship of expression but the prevention of crime and disorderly conduct which the combination of nude dancing and alcoholic inebriation might produce. Because the state can constitutionally prohibit the serving of liquor in establishments which provide nude dancing, judicial inquiry as to whether the entertainment is grossly sexual or not is irrelevant.

Reversed with directions to affirm the administrative decision.

HOWARD and RICHMOND, JJ., concur.