626 P.2d 1280

Lancett NALL and Maria Dyer,
Plaintiffs-Appellants,

v.

Jim BACA, Director Alcoholic Beverage
Control Department of the State of
New Mexico, Defendant-Appellee.

No. 12916.

Supreme Court of New Mexico.

Dec. 22, 1980.

Rehearing Denied Jan. 21, 1981.

Dennis R. Francish, Albuquerque, for plaintiffs-appellants.

Jeff Bingaman, Atty. Gen., Vernon O. M. Henning, Asst. Atty. Gen., Santa Fe, for defendant-appellee.

Bernard D. Morley, Denver, Colo., amicus curiae.

## OPINION

FEDERICI, Justice.

This is a suit for declaratory judgment to declare Section 30–9–14.1, N.M.S.A. 1978 (Cum.Supp.1980) (Indecent Dancing Statute) unconstitutional, and for injunctive relief. The suit was brought by the owner of a licensed liquor establishment (Nall) and a female nude dancer employee against the State Liquor Director (Baca) in the District Court of Santa Fe County. Following trial, the trial court denied Nall's requested relief and held that Section 30–9–14.1 prohibiting nude dancing in a licensed liquor establishment, does not violate the New Mexico Constitution. Nall appeals from the judgment of that court. We affirm.

The complaint alleges that an actual controversy exists between the parties, that Nall owns Dispenser's License No. 502 and operates an establishment known as Lancer's Club in Bernalillo County, where, since 1970, he has provided alcoholic beverages and nude female dancing entertainment for his patrons. Co-plaintiff Maria Dyer, is and has been a nude dancer employed at the Lancer's Club for the past three years. The complaint alleges that on August 3, 1979, Nall was cited by Baca's agents for violation of the Indecent Dancing Statute, Section 30–9–14.1, because he employed Maria Dyer to dance nude in his club. Both plaintiffs allege that Section 30–9–14.1 is unconstitutional and deprives them of rights secured by the Constitution of the United States and the State of New Mexico, and they pray that Baca be permanently enjoined from enforcing the statute.

The answer admits there is an actual controversy between the parties and that Nall was cited for violation of Section 30–9–14.1 because he employed a nude dancer at his club. The answer admits the plaintiffs have constitutional rights, but denies that Section 30–9–14.1 is unconstitutional.

The plaintiffs and defendant stipulated that the facts surrounding the issuance of the citation on August 3, 1979, were such that at an administrative hearing Nall would have been found guilty of violating Section 30–9–14.1 and Baca would have suspended or revoked Dispenser's License No. 502.

Plaintiffs do not challenge the trial court's findings, but do disagree with the conclusions of the trial court. A summary of the trial court's findings follows: Nall owns Dispenser's License No. 502 and a business known as Lancer's Club, which sells alcoholic beverages to patrons in Bernalillo County. Nall has owned and operated the Lancer's Club since 1970, and has continually provided nude female dancers as entertainment. Dyer has been employed as a nude dancer at the Lancer's Club for the last three or four years. Since March 15, 1977, nude dancing at the Lancer's Club has been conducted within the standards set by the United States District Court for the District of New Mexico. No administrative hearing was held. Had a hearing been held, Nall would have been found guilty of violating Section 30–9–14.1 because he employed a nude dancer in his licensed liquor establishment. Following the hearing, Baca would have revoked or suspended Nall's liquor license. Baca offered no evidence to show that nude dancing performed at the Lancer's Club injured, harmed or threatened to harm the public health, safety and morals. No finding was made by the trial court that the dancing was obscene or indecent.

The trial court refused to adopt the following requested findings of fact and conclusions of law: (1) all patrons of the Lancer's Club are consenting adults over the age of 21 years; (2) signs outside the premises indicate the type of entertainment available in advance of entry; (3) all patrons pay a $1.00 cover charge and must, if questioned, show identification showing their age is over 21; (4) the Lancer's Club is well known in Bernalillo County and has goodwill as a going business, which is a property right; (5) the Lancer's Club is located in the county, out of the City of Albuquerque, away from heavy population, and nude dancing has become an accepted art form by the local community because it has been going on since 1970; (6) plaintiff's Exhibit 1 is evidence of community acceptance of nude dancing; (7) there was no evidence offered to show that nude dancing at the Lancer's Club is indecent or obscene; and (8) nude dancing is an historical, as well as recent, form of expression for the dancer and her audience. The record indicates that the trial court felt the requested findings were irrelevant and immaterial in determining the constitutionality of Section 30–9–14.1.

A petition for leave to file an amicus curiae brief in this Court was filed by attorneys for Jubilee III, Inc. (operators of P. T.'s Carousel in Anapra, New Mexico) and eight employees (dancers) who performed at the club. We granted permission to file the amicus curiae brief. The dancers were arrested and charged with indecent dancing under Section 30–9–14.1. No enforcement action has been taken against Jubilee III. In the amicus brief, Jubilee III raises various constitutional issues on behalf of the defendants. In addition, amicus raises questions concerning the rights of employees who dance for Jubilee III at P. T.'s Carousel, based upon the employees' constitutional right to dance nude in "public places," other than in a licensed liquor establishment. That particular issue is not before us in this appeal.

It is clear that under Section 30–9–14.1, Baca's statutory enforcement authority is limited to the suspension or revocation of liquor licenses pursuant to the provisions of the Liquor Control Act, Sections 60–3–1 to 60–11–4, N.M.S.A. 1978 and Cum.Supp.1980. Section 30–9–14.1 authorizes Baca or his agents to file charges as contemplated by Section 60–8–6, against licensees who permit indecent dancing on their licensed premises. Nall concedes that Baca does not claim any authority to prosecute dancers, licensees or agents for misdemeanor violations of the statute on a licensed premise. Nor does Baca claim any authority to prosecute indecent dancing as a misdemeanor offense on any premises which are not licensed under the Liquor Control Act. Under Section 30–9–14.1, the prosecution of misdemeanor offenses is delegated by the Legislature to other state officials who are not parties to this proceeding. Jubilee III, in fact, has not been charged by Baca or his agents, nor has it stated that they are threatened by any person empowered to enforce the Liquor Control Act.

Baca acknowledges that the Legislature has devised three classifications of offenses under Section 30–9–14.1. First, when indecent dancing occurs in a public place, the dancer may be prosecuted by the appropriate law enforcement officer for commission of a petty misdemeanor. Second, when indecent dancing is allowed or permitted in a licensed liquor establishment, the dancer, licensee or his agent, may be prosecuted for commission of a petty misdemeanor. Third, when indecent dancing is permitted in a licensed liquor establishment, the establishment's liquor license may be revoked or suspended by Baca pursuant to his regulatory authority under the Liquor Control Act.

There have been no proceedings below against Jubilee III or P. T.'s Carousel or the employees (dancers). There is no final judgment or order from which they can appeal. N.M.R.Civ.App. 3, N.M.S.A. 1978. There is no appeal pending before this Court by them. Amicus must take the case in this Court as it stands on appeal,

and amicus cannot assume the functions of a party. *St. Vincent Hospital v. Salazar*, 95 N.M. 147, 619 P.2d 823 (1980); *State ex. rel. Castillo Corp. v. New Mexico St. T. Comm'n.*, 79 N.M. 357, 443 P.2d 850 (1968).

We are limited in this appeal to the following issue: Does the prohibition of nude dancing *in a licensed liquor establishment* by Section 30–9–14.1 violate N.M.Const., Art. II, Section 17?

N.M.Const., Art. II, Section 17, insofar as applicable here, provides: "[N]o law shall be passed to restrain or abridge the liberty of speech * * *."

Section 30–9–14.1 prohibits nude dancing in a licensed liquor establishment or public place. It provides, insofar as applicable in this case:

Indecent dancing consists of a person knowingly and intentionally exposing his intimate parts to public view while dancing or performing for compensation in a licensed liquor establishment or public place * * *.

The statute prescribes the penalty for permitting indecent dancing as follows:

Whoever commits indecent dancing is guilty of a petty misdemeanor.

A liquor licensee or his agent who allows indecent dancing on the licensed premises is guilty of a petty misdemeanor and his license may be suspended or revoked pursuant to the provisions of the Liquor Control Act.

The principal case decided by the Supreme Court of the United States which upholds as constitutional a statute regulating nude dancing in establishments which sell liquor is *California v. LaRue*, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972). In that case, a regulation of the California Department of Alcoholic Beverage Control limited the type of entertainment permitted in establishments serving liquor. The regulations prohibited lower torso nudity by entertainers. The United States Supreme Court upheld the regulation, stating:

The state regulations here challenged come to us, not in the context of censoring a dramatic performance in a theater, but rather in a context of licensing bars and nightclubs to sell liquor by the drink.

\* \* \* \* \* \*

While the States, vested as they are with general police power, require no specific grant of authority in the Federal Constitution to legislate with respect to matters traditionally within the scope of the police power, the broad sweep of the Twenty-first Amendment has been recognized as conferring something more than the normal state authority over public health, welfare, and morals.

\* \* \* \* \* \*

[A]s the mode of expression moves from the printed page to the commission of public acts that may themselves violate valid penal *statutes*, the scope of permissible state regulations significantly increases. States may sometimes proscribe expression that is directed to the accomplishment of an end that the State has declared to be illegal when such expression consists, in part, of "conduct" of "action" * * *. (Citations omitted.)

*Id.* at 114, 117, 93 S.Ct. at 396.

The *LaRue* case was decided in 1972. In 1975, the United States Supreme Court again reviewed the constitutionality of a local ordinance which prohibited topless dancing in any public place. *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975). The Court, in *Doran*, recognized the result reached in *LaRue*, stating:

Although the customary "barroom" type of nude dancing may involve only the barest minimum of protected expression, we recognized in *California v. LaRue*, 409 U.S. 109, 118 [93 S.Ct. 390, 397, 34 L.Ed.2d 342] (1972), that this form of entertainment might be entitled to First and Fourteenth Amendment protection under some circumstances. In *LaRue*, however, we concluded that the broad powers of the States to regulate the sale of liquor, conferred by the Twenty-first

Amendment, outweighed any First Amendment interest in nude dancing and that *a State could therefore ban such dancing as a part of its liquor license program.* (Emphasis added.)

*Id.* at 932–933, 95 S.Ct. at 2568.

*Doran* involved topless dancing only, and although the Court recognized that a statute or ordinance may be overbroad and therefore unconstitutional as violating freedom of expression under the First Amendment of the United States Constitution, which reads substantially the same as Article II, Section 17 of the New Mexico Constitution, yet the Court confirmed that if the statute proscribed dancing only in bars and establishments which served liquor, then the prohibition was valid.

In *Richter v. Dept. of Alcoholic Beverage Control,* 559 F.2d 1168 (9th Cir. 1977), *cert. denied,* 434 U.S. 1046, 98 S.Ct. 891, 54 L.Ed.2d 797 (1978), a declaratory and injunctive action was initiated to challenge enforcement of Administrative Rule 143.3 (prohibiting the display of intimate parts of the body) against a licensed liquor establishment which offered public performances of nude dancing and the subsequent revocation of its license. Rule 143.3 was the provision at issue in *LaRue.*

Noting that the Supreme Court in *LaRue* left open the issue of whether future applications of the rule might be unconstitutional, the Court addressed the question as applied to appellants there. Appellants asserted there had been no showing of the sort of "bacchanalian revelries" in their establishment which had been found in *LaRue.* They also claimed that a valid prohibition of nude dancing requires a determination that it was more a form of "gross sexuality" than "communicative expression." The Court disagreed, citing *Doran, supra,* for the proposition that the state's regulatory power under the Twenty-First Amendment outweighs *any* First Amendment interest in nude dancing. The Court then stated:

[A]s emphasized by the Court in *LaRue,* the focus of our inquiry should not be directed to the restriction of access to the particular form of expression herein, but rather must be directed to the restriction of the viewer's access to liquor. First Amendment rights are indirectly related, but only in the sense that they cannot be freely exercised in certain locations, specifically in the context of the commercial exploitation of *both* the expression delineated in the regulations, which may be protected by the First Amendment, and the sale of liquor, which is within the state's power to control. *Nude dancing, as the type performed in appellant's establishment, is not the subject of the prohibition, rather it is the sale of alcoholic beverages.* (Emphasis added.)

*Id.* 559 F.2d at 1172.

The Court also rejected the claim that the dancing must be found to be grossly sexual:

The issue, therefore, is not whether the nude dancing is so near gross sexually [sic] as to approach obscenity, but whether nude dancing of any sort when performed in establishments serving liquor is sufficiently likely to cause properly proscribed conduct. Thus, the fact that the nude dancing here may have been entirely tasteful is irrelevant, once it is accepted that the state can constitutionally prohibit the serving of liquor in establishments which provide nude dancing.

*Id.* at 1173.

Moreover, the facts in *Richter* parallel the facts in this case. By footnote, the Ninth Circuit acknowledged that appellants' establishment was open only to adults, that dancers could not be viewed from the outside, that signs warned of the nature of the entertainment, and that performers were on a stage separated from the audience. Yet, revocation of their license was upheld.

There are also state court decisions which have upheld regulations prohibiting nude dancing or nudity in liquor establishments. In *City of Portland v. Derrington,* 253 Or. 289, 451 P.2d 111 (1969), *cert. denied,* 396

U.S. 901, 90 S.Ct. 212, 24 L.Ed.2d 177 (1969), the Supreme Court of Oregon upheld a local ordinance making it unlawful for a female to wholly or substantially expose her breasts to public view in an establishment serving food or liquor against a vagueness and freedom of expression challenge. *See also Longbridge Investment Company v. Moore*, 23 Ariz.App. 353, 533 P.2d 564 (1975), upholding Arizona liquor regulations prohibiting nude entertainment in liquor establishments.

■ It now becomes necessary to analyze Section 30–9–14.1 for severability since it not only· prohibits indecent dancing in "licensed liquor establishments" but also prohibits indecent dancing in any "public place." The statute is on its face severable. The portion relating to indecent dancing "in a licensed liquor establishment" is enforceable only by the Director of the Department of Alcoholic Beverage Control through suspension of revocation of the license. The Director has no authority to charge any of the persons engaging in the performance with a violation of the Act. That is left to other public officials. The remaining portion of the Act prohibiting indecent dancing in any "public place" is enforceable not by the Director, but by other law enforcement officials through arrest and prosecution for a misdemeanor. It has been held that:

> Even where a single section [of a statute] attempts or purports to cover two entirely distinct and separable classes of cases, one properly and the other improperly, it may be upheld as to the class which constitutionally may be thus covered, even though condemned as to the other. In such a case, the statute can be held entirely void *only where it is evident from a contemplation of the statute and of the purpose to be accomplished by it* that it would not have been passed at all, except as an entirety, and that the general purpose of the Legislature will be de-·feated if it shall be held valid as to some cases and void as to others. (Citations omitted.)

*Farmers' Loan & Trust Co. v. New York Cent. R.R.*, 134 Misc. 778, 236 N.Y.S. 250, 254 (1928), quoted with approval in D. Sands, Sutherland *Statutory Construction*, § 44.18 (1973). *See also State v. Chavez*, 58 N.M. 802, 277 P.2d 302 (1954). We cannot say that the legislative purpose would be entirely defeated if some other portion of this statute were found invalid applied to other facts.

■ In this opinion, we limit our result to the constitutionality of Section 30–9–14.1, based upon the specific facts in this case, the method and scope of enforcement, and the type of penalty proposed, that is, suspension and revocation of the liquor license. We are not, at this time, faced with determining the question of whether the entertainers may attack the constitutionality of the statute because it also prohibits indecent dancing in a "public place" or for other reasons. Before we can hear that issue, the cases now before trial courts against the dancers or their employers must be tried in the light of the statutory language, the result reached in this opinion, and the case law on the constitutional issues raised by them, including authorities cited in this opinion.

Other issues raised by the appellants in this appeal are not now properly before this Court and we express no opinion thereon.

The trial court is affirmed.

IT IS SO ORDERED.

PAYNE and FELTER, JJ., concur.