[No. 36077. Department One. August 23, 1962.]

THE STATE OF WASHINGTON, *Appellant*, v. RUTH LUNDQUIST,
*Respondent.**

*Reported in 374 P. (2d) 246.

*W. R. Studley,* for appellant.

*Calbom, Walker & Cox,* for respondent.

WEAVER, J.—Defendant was convicted in police court of the city of Longview and fined $250 for violation of the Longview Code of Ordinances, § 15-14, which provides:

"Sec. 15-14. *Discharging or firing.* Any person who shall within the limits of the city fire or discharge any air gun, pistol or firearm of any kind *without lawful authority,* shall be guilty of a misdemeanor. This section shall not apply to peace officers nor to persons shooting on any regularly established and authorized rifle range, gun club or shooting gallery." (Italics ours.)

The criminal complaint alleged that defendant

". . . did then and there *wilfully* and *unlawfully* discharge an air gun without lawful authority. . . ." (Italics ours.)

The state law on this subject is RCW 9.41.230:

"Every person who shall aim any gun, pistol, revolver or other firearm, whether loaded or not, at or towards any human being, or who shall *wilfully* discharge any firearm, air gun or other weapon, or throw any deadly missile in a public place, or in any place where any person might be endangered thereby, although no injury result, shall be guilty of a misdemeanor." (Italics ours.)

A week later defendant was convicted in police court, fined $100, $50 suspended, for violation of Longview Code of Ordinances, § 23-31, which provides:

"Sec. 23-31. *Public and Private Property—Injuring or Destroying.* It shall be unlawful for any person to injure, deface, break, destroy or interfere with any property of another person or any public property whether real or personal belonging to, erected by, or under the care of the city, county or state, within the corporate limits of the city."

The criminal complaint alleged that defendant

". . . did then and there wilfully and unlawfully injure the private property of James Polis by shooting and wounding a brown and white dog owned by James Polis, . . ."

The applicable state laws are:

"Every person who shall *wilfully*—
". . .
"(9) Kill, maim or disfigure any animal belonging to another, or expose any poisons or noxious substance with intent that it should be taken by such animal;
". . .
"Shall be guilty of a misdemeanor." RCW 9.61.040. (Italics ours.)

"Every person who shall *wilfully or maliciously* destroy or injure any real or personal property of another, for the destruction or injury of which no special punishment is otherwise specially prescribed, shall—
"(1) If the value of the property destroyed, or the diminution in value by the injury, shall be less than twenty dollars, be guilty of a misdemeanor.
"(2) If the value of the property destroyed, or the diminution in value by the injury, shall be twenty dollars or more, be guilty of a gross misdemeanor." RCW 9.61.070. (Italics ours.)

Both convictions arose from the same occurrence; trial of the second charge was continued at the request of defense counsel.

Defendant offered no testimony. Both convictions were appealed to the superior court; they were consolidated for further proceedings.

The superior court held both ordinances, quoted *supra*, unconstitutional because they were vague and indefinite, established no ascertainable standard of guilt, and made criminal, innocent or justifiable acts.

A. *Longview Code of Ordinances, § 15-14*

■ The Constitution of the State of Washington, Art. 11, § 11, and RCW 35.24.290 (18) authorize a city to adopt ordinances, in the exercise of its police power, so long as they are not in conflict with the state or federal constitutions, and the general laws of the state or the United States, provided the state enactment does not show upon its face that it was intended to be exclusive. *Bellingham v. Schampera*, 57 Wn. (2d) 106, 356 P. (2d) 292 (1960) and cases cited.

In addition, an ordinance must bear a reasonable relation to a lawful purpose—to promote health, welfare, safety, or morals.

The rule, supported by authorities, is succinctly stated in 56 Am. Jur., Weapons and Firearms § 7:

" . . . The discharge of firearms within the city limits is usually an act of such a dangerous and unnecessary character that it may be forbidden without a permit issued in the unrestrained discretion of an administrative officer. Authority to enact such ordinances may be found to exist as a part of the police power conferred upon the municipal corporation by the legislature or by constitutional provision. An ordinance prohibiting the firing of any gun, pistol, or other firearm within the limits of a city except on the occasion of a military parade has been held to be a valid exercise of the police power of the city involved."

First, defendant urges that § 15-14 conflicts with state law and is unconstitutional because RCW 9.41.230 (quoted *supra*) confines the crime to one ". . . who shall *wilfully* discharge any firearm . . ." while the ordinance may apply to one who acts wilfully, negligently, or accidentally.

■ We do not find a conflict between the state statute and the ordinance; both are prohibitory, and there is no

indication that the legislature intended the statute to be exclusive.

" ' " " 'In determining whether an ordinance is in "conflict" with general laws, the test is whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa.' *Village of Struthers v. Sokol,* 108 Ohio St. 263, 140 N. E. 519. Judged by such a test, an ordinance is in conflict if it forbids that which the statute permits" *State v. Carran,* 133 Ohio St. 50, 11 N. E. 2d 245, 246.

" ' "The statute, as well as the ordinance, in the case at bar, is prohibitory and the difference between them is only that the ordinance goes farther in its prohibition—but not counter to the prohibition under the statute. . . ." ' "

*Bellingham v. Schampera,* 57 Wn. (2d) 106, 111, 356 P. (2d) 292 (1960).

We do not reach the question of the constitutionality of the ordinance under the police power as it may apply to a person accused of negligently or accidentally discharging a gun, for defendant was charged with *"wilfully and unlawfully"* discharging an air gun. In the instant case, defendant's contention that the ordinance is unconstitutional because a person may be charged with negligently or accidentally discharging a firearm within corporate limits is a hypothetical claim resting on an abstract assumption.

 A person may not urge the unconstitutionality of an ordinance or statute unless he is harmfully affected by the particular feature of the ordinance or statute alleged to be an unreasonable exercise of the police power. A litigant who challenges the constitutionality of an ordinance must claim infringement of an interest peculiar and personal to himself, as distinguished from a cause of dissatisfaction with the general framework of the ordinance.

*State v. Bowman,* 57 Wn. (2d) 266, 356 P. (2d) 999 (1960) illustrates our most recent application of this rule. Defendant challenged the constitutionality of the negligent homicide statute on the ground that the title to the act, as passed by the legislature, contained one subject while the act contained more than one subject.

The title provided: "An act relating to vehicles and the operation thereof upon *public highways*." The act, however, is *not* limited in its application to accidents on public highways. The court said:

" . . . However, since the accident in question did, in fact, happen on a public highway, appellant cannot be heard to raise this constitutional objection. *Cf. Port of Tacoma v. Taxpayers of the Port of Tacoma*, 53 Wn. (2d) 734, 336 P. (2d) 872 (1959). The constitutionality of an act cannot be questioned by a party whose rights are not affected thereby. See *Marx v. Maybury*, 36 F. (2d) 397, appeal dismissed 284 U. S. 691. The only way in which this question of the validity of the title of the negligent homicide statute could be properly raised in a court would be *when and if a person is prosecuted for negligent homicide arising out of an automobile accident which occurred off a public highway*." (Italics ours.)

See *Galvin v. State Tax Comm.*, 56 Wn. (2d) 738, 355 P. (2d) 362 (1960); *State v. Grabinski*, 33 Wn. (2d) 603, 612, 206 P. (2d) 1022 (1949) and cases cited.

We conclude that § 15-14, Longview Code of Ordinances, is not in conflict with state law, nor does it constitute an unreasonable exercise of the police power in so far as defendant's rights are involved.

Next, defendant urges that § 15-14 is vague and indefinite; that it makes innocent acts criminal, thus depriving defendant of due process of law.

The crux of this facet of the problem is the phrase "without lawful authority" as it appears in the ordinance. Relying upon our decision in *Seattle v. Ross*, 54 Wn. (2d) 655, 657, 344 P. (2d) 216 (1959), defendant reaches the ultimate conclusion that the phrase means a person having express authority to fire a gun. We do not agree with this interpretation; it is too narrow.

In the *Ross* case, *supra*, the court found unconstitutional a Seattle ordinance which made it unlawful

" ' . . . for anyone not lawfully authorized to . . . be in . . . any place where narcotics . . . are unlawfully used, kept or disposed of.' "

The court held a person "lawfully authorized" to be a person having express authority to go upon the premises as a law enforcement officer, and not one who goes upon some lawful business but without express authority.

■ The Seattle ordinance exempted no one; the Longview Code of Ordinances, § 15-14 provides that it does not apply to peace officers. If the phrase "without lawful authority" is confined to mean only peace officers or one having express authority to fire a gun, the phrase becomes surplusage. A legislative body is presumed not to have used superfluous words. Courts are bound to accord meaning, if possible, to every word in an ordinance or statute. *Group Health Etc. v. King Cy. Med. Soc.,* 39 Wn. (2d) 586, 637, 237 P. (2d) 737 (1951) and cases cited.

"Without lawful authority," we believe, is sufficiently definite to inform an accused that common law defenses are available to him. We interpret the phrase to mean "without authority in law"; thus making available the defense, for example, that the firearm was discharged to repel a burglar.

The *Ross* case, *supra,* is further distinguishable. The Seattle ordinance created a presumption of guilt from a fact having no rational connection with the alleged crime. Ordinance § 15-14 does not involve a presumption; it requires proof of the ultimate fact of the alleged crime, the facts of which are within the immediate knowledge of the accused.

We conclude that § 15-14 is not vague and indefinite; does not make innocent acts criminal; and does not deprive a defendant of due process of law.

B. *Longview Code of Ordinances, § 23-31*

■ Ordinance § 23-31 presents a different problem. It makes unlawful every act that results in injury to property of another. The ordinance makes possible the punishment of acts that have no reasonable relation to the harm the ordinance was intended to prevent. The ordinance does not give the accused an opportunity to defend against the charge or to explain his action, but creates a conclusive

presumption that his action was unlawful if damage occurs to property of another. It is an unreasonable exercise of the police power by the city. We conclude, as did the trial court, that Longview Code of Ordinances, § 23-31, is unconstitutional.

The order of May 5, 1961 sustaining the demurrer and dismissing the criminal complaints is: (a) affirmed as to the charge based upon ordinance § 23-31 and (b) reversed as to the charge based upon ordinance § 15-14 of the city of Longview. Each party shall bear his own appellate costs. Rule on Appeal 55(b)(1), RCW Vol. 0.

FINLEY, C. J., HILL, ROSELLINI, and FOSTER, JJ., concur.