[No. 44757.   En Banc.   June 22, 1978.]

CHARLOTTE BOLSER, ET AL, *Appellants,* v. WASHINGTON STATE LIQUOR CONTROL BOARD, *Respondent.*

*Landon R. Estep* and *Lundin, Estep, Sindell & Haley, Inc., P.S.,* for appellants.

*Slade Gorton, Attorney General,* and *John G. Hennen, Assistant,* for respondent.

DOLLIVER, J.—Plaintiffs are dancers who perform in establishments licensed by defendant Washington State Liquor Control Board. In 1975, the Board adopted WAC 314–16–125 which forbids a licensee (tavern owner) from permitting topless table dancing at floor level and within 6 feet or less of a customer. The regulation applies only to the licensee and does not expressly control the conduct of the dancers. WAC 314–16–125(6) provides:

> Subject to paragraph (5) herein, [it is prohibited] to permit entertainers whose breast and/or buttocks are exposed to view to perform elsewhere on the licensed premises except upon a stage at least eighteen inches above the immediate floor level and removed at least six feet from the nearest patron.

In their original complaint, plaintiffs prayed for a declaratory judgment that WAC 314–16–125 was invalid and for injunctive relief against its future enforcement. They allege violation of their right to employment, their freedom of speech and expression, and the equal rights amendment. Const. art. 31 (amendment 61).

The trial court treated plaintiffs' complaint as a petition for a declaratory judgment under RCW 34.04.070, which provides, in pertinent part:

> (1) The validity of any rule may be determined upon petition for a declaratory judgment thereon addressed to the superior court of Thurston county, when it appears that the rule, or its threatened application, interferes with or impairs or immediately threatens to interfere with or impair, the legal rights or privileges of the petitioner. The agency shall be made a party to the proceeding. The declaratory judgment may be rendered whether or not the petitioner has first requested the agency to pass upon the validity of the rule in question.

The trial court found the plaintiffs "interested in and . . . affected by the rule" but devoid of any rights or privileges affected thereunder. It concluded that "plaintiffs have not met the requisite burden established by the Legislature for standing to challenge the rule adopted by the Board governing *licensees* of the Board."

The interpretation of RCW 34.04.070 urged by defendant and adopted by the trial court makes the question of standing circular. Whether plaintiffs have standing depends on whether they have any legal rights or privileges which will be interfered with or impaired; but this question is the final conclusion of the law suit. Thus, under this analysis, standing, a threshold inquiry, must await its resolution until a final determination of plaintiffs' case.

The approach in *Blondheim v. State,* 84 Wn.2d 874, 877, 529 P.2d 1096 (1975), on the question of standing is useful in resolving this problem. In *Blondheim,* we adopted the test set forth by the United States Supreme Court in *Association of Data Processing Serv. Orgns., Inc. v. Camp,* 397

U.S. 150, 153, 25 L. Ed. 2d 184, 90 S. Ct. 827 (1970). That case held:

> The "legal interest" test goes to the merits. The question of standing is different. It concerns, apart from the "case" or "controversy" test, the question whether the interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question.

We interpret RCW 34.04.070(1) in accordance with the approach adopted in *Blondheim*. When, as here, it reasonably appears the regulation in question or its threatened application may interfere with or impair or it immediately threatens to interfere with or impair the legal rights or privileges of the plaintiffs, they then have requisite standing to challenge the rule under RCW 34.04.070(1). Kenneth Culp Davis, *Standing, 1976,* 72 Nw. U.L. Rev. 69, 80 (1977). We hold plaintiffs, even though not licensees, possess standing to litigate the merits of the challenged infringement of rights.

Although plaintiffs were dismissed for lack of standing, the trial court did rule on the merits of the alleged impairment of rights and privileges. Because plaintiffs have challenged those findings and in the interests of judicial economy, we rule on the various contentions set forth.

First, plaintiffs challenge the authority of the Liquor Control Board to adopt the regulation in question. We have, however, disposed of that issue in *Anderson, Leech & Morse, Inc. v. State Liquor Control Bd.,* 89 Wn.2d 688, 575 P.2d 221 (1977), which was decided by the court subsequent to the hearing in this case. In *Anderson,* we specifically upheld the authority of the Liquor Control Board to promulgate WAC 314–16–125.

Plaintiffs next contend the regulation is overbroad and may, in given situations, affect expression which is protected by the First Amendment. Initially, we note this controversy arises in the context of liquor control regulations and as set forth in *Joseph E. Seagram & Sons, Inc. v.*

*Hostetter,* 384 U.S. 35, 41–42, 16 L. Ed. 2d 336, 86 S. Ct. 1254 (1966):

> Consideration of any state law regulating intoxicating beverages must begin with the Twenty–first Amendment, the second section of which provides that: "The transportation or importation into any State, Territory, or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited."

Enlarging upon this passage, the Supreme Court in *California v. LaRue,* 409 U.S. 109, 114, 34 L. Ed. 2d 342, 93 S. Ct. 390 (1972), stated:

> While the States, vested as they are with general police power, require no specific grant of authority in the Federal Constitution to legislate with respect to matters traditionally within the scope of the police power, the broad sweep of the Twenty–first Amendment has been recognized as conferring something more than the normal state authority over public health, welfare, and morals.

In *LaRue,* the Supreme Court upheld regulations enacted by the California Department of Alcoholic Beverage Control which forbade displaying of live or simulated acts of sexual intercourse or showing of movies depicting the same, exposure of the genital area, and other sexually oriented conduct in its licensed premises. While *LaRue* did not go so far as to hold that the Twenty–first Amendment grant of authority to the states supersedes *all* other provisions of the United States Constitution, it did hold that some protected speech could be proscribed:

> While we agree that at least some of the performances to which these regulations address themselves are within the limits of the constitutional protection of freedom of expression, the critical fact is that California has not forbidden these performances across the board. It has merely proscribed such performances in establishments that it licenses to sell liquor by the drink.

*California v. LaRue, supra* at 118.

In *Richter v. Department of Alcoholic Beverage Control,* 559 F.2d 1168 (9th Cir. 1977), the United States Court of Appeals was called upon to review a specific application of

the same liquor regulations challenged in *LaRue*. The court, at page 1172, held:

> The goal of the regulation is not censorship of the expression but the prevention of crime and disorderly conduct which is concomitant with the consumption of liquor in such situations. In this case, it was shown at the hearings held prior to the promulgation of the rules that a vast amount of various crimes (*e.g.*, rape, prostitution, public indecency, assaults, etc.) was taking place on or near premises wherein the forms of entertainment delineated in the rules occurred. The Department's regulations were a form of prophylactic action to prevent victimizing by, or victimization of, intoxicated patrons of such establishments. The Supreme Court in *LaRue* found the Department's efforts to be reasonable and this court is bound by that holding.

Plaintiffs do not delineate what protected speech or expression is infringed by the requirement that topless dancing occur on an elevated platform at least 6 feet away from the patrons. If there is an infringement, we conclude it is at most minimal. Any minimal First Amendment infringements caused by the 6–foot, elevated–platform restriction must be balanced against the underlying policies which led to adoption of WAC 314–16–125. In its "concise statement" (*see* RCW 34.04.025) issued at the time of the adoption of the regulation, the Board listed the following as one of its principal reasons for promulgation:

> The number of cases wherein arrests have been made and licensees have been cited for allowing disorderly persons on licensed premises has increased many times over during the last few years. The majority of these violations of the Liquor Act involved topless table dancing. The rule, as adopted, will minimize the chances of repeated violations of this nature.

Thus, not only was the infringement minimal, but the regulation was reasonable and rationally related to the furtherance of legitimate state interests. *See California v. LaRue, supra; Richter v. Department of Alcoholic Beverage Control, supra.*

The two cases brought to our attention by plaintiffs in which the Twenty–first Amendment was held insufficient to justify a liquor control regulation are inapposite. In *Wisconsin v. Constantineau,* 400 U.S. 433, 27 L. Ed. 2d 515, 91 S. Ct. 507 (1971), the Supreme Court held unconstitutional a Wisconsin statute which allowed designated persons to forbid the sale or gift of intoxicating liquors to one who "by excessive drinking" would expose himself or family to "want" or become "dangerous to the peace" of the community. In striking down the legislation, the Supreme Court specifically found that the statute could cloak the forbidden person with a "badge of infamy" without notice or opportunity to be heard. The court stated at page 437:

> Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential.

Here, however, no "badge of infamy" or other form of personal degradation attaches to the individual dancer by imposition of the 6-foot limitation; no due process violations caused by lack of notice and opportunity to be heard are alleged. *Wisconsin v. Constantineau, supra,* is inapplicable to plaintiffs' situation.

In *Doran v. Salem Inn, Inc.,* 422 U.S. 922, 45 L. Ed. 2d 648, 95 S. Ct. 2561 (1975), a local ordinance in New York which forbade topless dancing in any public place was challenged as overbroad. There was no limitation to the interpretation of "any public place". The Supreme Court found the ordinance could apply to a theater, town hall, or opera house, as well as a public marketplace, street, or any place of assembly, indoors or outdoors.

> Even if we may assume that the State of New York has delegated its authority under the Twenty–first Amendment to towns such as North Hempstead, and that the ordinance would therefore be constitutionally valid under *LaRue, supra,* if limited to places dispensing alcoholic beverages, *the ordinance in this case is not so limited.*

(Italics ours.) *Doran v. Salem Inn, Inc., supra* at 933–34.

■ This case presents the factual corollary of *LaRue* which was distinguished in *Doran;* that is, WAC 314–16–125 applies only to conduct *on the licensed premises.* Coupled with the fact that topless dancing is not forbidden on licensed premises unless on floor level and within 6 feet of patrons, we find *Doran* not controlling. The regulation here is within the test announced by *LaRue* and applied in *Richter.* We affirm the trial court's finding that WAC 314–16–125 is valid on its face and does not unconstitutionally infringe plaintiffs' First Amendment rights. While there may be situations where the application of WAC 314–16–125 would raise constitutional problems, no such circumstance exists in this case. *See California v. LaRue, supra* at 119 n.5.

■ Plaintiffs' next contention is that, under the Fourteenth Amendment, WAC 314–16–125 unconstitutionally proscribes their "right to earn a living unfettered by unreasonable or arbitrary limitations." In support of this proposition, they cite the cases of *Schware v. Board of Bar Examiners,* 353 U.S. 232, 1 L. Ed. 2d 796, 77 S. Ct. 752 (1957); *Truax v. Raich,* 239 U.S. 33, 60 L. Ed. 131, 36 S. Ct. 7 (1915); and *Dent v. West Virginia,* 129 U.S. 114, 32 L. Ed. 623, 9 S. Ct. 231 (1889). However, these cases deal only with whether a state can *exclude* a person from practicing a certain occupation within that jurisdiction. They do not address the issue of whether a state could *regulate* the occupation.

In *Parrish v. West Coast Hotel Co.,* 185 Wash. 581, 55 P.2d 1083 (1936), *aff'd,* 300 U.S. 379, 81 L. Ed. 703, 57 S. Ct. 578 (1937), we held that, when matters of public interest are concerned, the State may reasonably regulate certain terms of the work relationship. There we allowed the establishment of minimum wage laws which did not unconstitutionally violate the right to employment.

The record before this court indicates plaintiffs are currently engaged in their chosen occupation as topless

dancers and thus their rights to employment have not been taken from them. As shown by the "concise statement", there is a significant and substantial public interest involved in the promulgation of the rule. We affirm the trial court's holding that WAC 314–16–125 does not violate plaintiffs' rights to earn a living in their chosen occupation. Since there is no violation of plaintiffs' rights to employment, we need not reach the question of whether they are employees or independent contractors.

■ Finally, plaintiffs claim the regulation constitutes sex–based discrimination in violation of the equal rights amendment, Const. art. 31 (amendment 61), and our holding in *Darrin v. Gould,* 85 Wn.2d 859, 540 P.2d 882 (1975). Our review of WAC 314–16–125 reveals the statute would apply equally to male and female dancers. Nothing in the regulation itself distinguishes between the sexes.

Whether the regulation would be applied against male dancers has been the subject of an administrative hearing and declaratory ruling by the Liquor Control Board involving a licensee, and attached here as an exhibit to respondent's response to the petition. In the Matter of the Hearing of Mildred Dontos, License No. 352755, January 27, 1976. In that declaratory ruling, the Liquor Control Board stated:

> The portion of the requested Declaratory Ruling . . . that male entertainers need not have their chests covered when performing at floor level within six feet of patrons must be denied for the following reasons. WAC 314–16–125 contains no language which would make it applicable to one sex and not the other. Further, if the Board were to apply it to one sex and not the other there is a possibility that this could constitute discrimination based on sex. See *Darrin v. Gould,* 85 Wn.2d 859 (1975). The Board will issue violation tickets to and impose penalties against any licensee allowing a male entertainer to engage in conduct violative of WAC 314–16–125.

There is no violation of the equal rights amendment by WAC 314–16–125.

We reverse the trial court on the question of standing, but uphold the validity of WAC 314–16–125 as it applies to plaintiffs.

HAMILTON, STAFFORD, UTTER, HOROWITZ, and HICKS, JJ., concur.

ROSELLINI, J. (dissenting in part)—I dissent only to that part of the opinion approving WAC 314–16–125(6), which permits entertainers whose breast and/or buttocks are exposed to perform upon licensed premises.

The majority relies on the case of *Anderson, Leech & Morse, Inc. v. State Liquor Control Bd.*, 89 Wn.2d 688, 575 P.2d 221 (1978). That case approved only WAC 314–16–125(1), which forbids a licensee:

> (1) To employ or use any person in the sale or service of alcoholic beverages in or upon the licensed premises while such person is unclothed or in such attire, costume or clothing as to expose to view any portion of the breast below the top of the areola or of any portion of the pubic hair, anus, cleft of the buttocks, vulva or genitals.

The court in that case did not pass upon the validity of WAC 314–16–125(6).

In neither *Anderson, Leech & Morse, Inc. v. State Liquor Control Bd., supra,* nor this case has either party challenged the authority of the board to permit such conduct on licensed premises. In *Anderson,* the board was anxious to have section (1) of WAC 314–16–125 approved and the appellant did not desire to have section (6) invalidated.

The parties' agreement as to the pertinent issues at times leads courts into traps. The stipulated issues lead to one conclusion, but the parties ignore issues which would result in a different conclusion. Thus the courts are lulled into error.

Neither the appellant nor the liquor board argued or quoted RCW 66.08.010, which provides:

Title liberally construed. This entire title shall be deemed an exercise of the police power of the state, for the protection of the welfare, health, peace, morals, and safety of the people of the state, and all its provisions shall be liberally construed for the accomplishment of that purpose.

RCW 66.08.030 permits the board to make only such regulations as are consistent with the spirit of the title.

As I read these provisions, they authorize the board to make regulations to promote the public morals in places where liquor is sold and prohibits the board from making regulations which tend to encourage immoral and indecent conduct.

Does the rule tend to promote the health, peace, morals, good order and the welfare of the people, or does it tend to correct some evil or promote some interest of the state? Does the rule tend to accomplish the purposes set forth in the liquor control act?

I cannot conceive any state of facts to exist which justifies a conclusion that to permit topless dancers to perform where liquor is sold promotes the welfare, peace, morals, and safety of the people of the state. The majority has not addressed this question or attempted to show such conduct promotes the welfare and morals of the people. The converse is true. The demoralizing effect of sexually suggestive entertainment on persons consuming alcohol in public establishments dedicated to that purpose was recognized by the United States Supreme Court in *California v. LaRue,* 409 U.S. 109, 34 L. Ed. 2d 342, 93 S. Ct. 390 (1972). The constitutionality of regulations forbidding indecent entertainment on licensed premises was upheld by the United States Supreme Court in that case.

I would hold that the regulation which permits topless dancing on stage on licensed premises is invalid because the legislature has not authorized the board to promulgate such

a rule. Rather its duty, under the statute, is to prohibit conduct of this kind.

WRIGHT, C.J., and BRACHTENBACH, J., concur with ROSELLINI, J.