[No. 50312-5. En Banc. August 16, 1984.]

HARVEST HOUSE RESTAURANT, INC., ET AL, *Appellants,* v. THE CITY OF LYNDEN, *Respondent.*

*Dennis M. Hindman,* for appellants.

*Simonarson, Visser, Zender, Brandt, Thurston & Miller,* by *Peter Jay Visser,* for respondent.

*Dean Brett* and *Rand Jack* on behalf of the American Civil Liberties Union, amici curiae for appellants.

UTTER, J.—This action was brought to challenge the constitutionality of RCW 66.28.080 and Lynden city ordinance 633, § 5.04.035, each of which set some limitations on the right of persons to dance on premises licensed to serve alcoholic beverages. After we had accepted review and scheduled the action for oral argument, a motion to dismiss was filed alleging that the case is now moot. We postponed judgment on the motion pending a hearing on the merits and now dismiss.

Appellant, Harvest House Restaurant, Inc., operated as a restaurant and lounge in the city of Lynden, Whatcom County, with a class H liquor license. In late February 1981, appellant instituted live music and dancing. The music and dancing continued at Harvest House for almost a month.

On March 16, 1981, in response to the dancing at Harvest House, the Lynden City Council passed ordinance 633, pursuant to the enabling statute, RCW 66.28.080.[1]

Ordinance 633 provides, in pertinent part:

5.04.035 Dancing Prohibited—When. Dancing, either singly, or in groups of two (2) or more persons, is prohibited in any establishment where beer, wine or other intoxicating beverages are sold for on–premises consumption.

5.32.120 Penalty for Violation. Any person or corporation found guilty of a violation of any provision of this chapter shall be guilty of a misdemeanor and shall be punished as set forth in Section 1.24.010 of the Lynden City Code.

Appellants challenged the constitutional validity of ordinance 633, § 5.04.035, in superior court on grounds that it unduly restricted protected expressive conduct under U.S. Const. amend. 1. After considering appellants' arguments, the court noted that the City could reasonably conclude that "[a]llowing dancing at [appellant's restaurant and] cocktail lounge could cause police related problems in addition to the police problems currently handled by the City of Lynden Police Department." Clerk's Papers, at 6. It then held the ordinance valid due to the power given the City by RCW 66.28.080 to regulate dancing at licensed premises. Appellants appealed the decision to the Court of Appeals which certified the case to this court on February 6, 1984. After we had accepted certification, respondent filed a motion to dismiss alleging that the case was moot.

The supporting affidavit established that appellant Harvest House had leased the subject restaurant and trans-

---

[1] RCW 66.28.080 provides:

"It shall be unlawful for any person, firm or corporation holding any retailer's license to permit or allow upon the premises licensed any music, dancing, or entertainment whatsoever, unless and until permission thereto is specifically granted by appropriate license or permit of the proper authorities of the city or town in which such licensed premises are situated, or the board of county commissioners, if the same be situated outside an incorporated city or town: *Provided,* That the words 'music and entertainment,' as herein used, shall not apply to radios or mechanical musical devices."

ferred its liquor license to the Inland Fish Company, Inc. on October 7, 1983. Appellant does not now hold a license to sell liquor by the drink in any Lynden establishment.

Appellants responded to the motion by submitting the affidavit of an officer of Harvest House and the affidavits of two owners of a Lynden tavern. Harvest House's officer stated that it retained a sufficient interest in the present case to avoid mootness because, if the Inland Fish Company were unsuccessful, Harvest House would retake the license and premises. At that time it would, again, want the right to permit dancing. This statement is insufficient to contradict respondent's allegation of mootness. The effect that a determination of this case might have upon appellant Harvest House is vague and uncertain. This court cannot rely on appellant's speculation that it might have a sufficient interest to raise this issue in the future. The question as to Harvest House Restaurant, Inc.'s right to permit dancing at its former restaurant and lounge in Lynden is purely academic and we need not pass upon it. *Grays Harbor Paper Co. v. Grays Harbor Cy.*, 74 Wn.2d 70, 442 P.2d 967 (1968).

The two tavern owners stated, by affidavit, that they, too, would like the right to permit dancing in their premises. Yet, because these persons were never joined as parties to the suit, there are no facts in the record which might enable us to determine the ordinance's validity as to them.

Although counsel for Harvest House has not addressed the issue whether appellant, Richard De Golier, has a sufficient interest to withstand the mootness challenge, we are compelled to do so. Appellant De Golier was included as a plaintiff in the original motion for temporary injunction and declaratory relief against respondent. We can find no subsequent mention of him in the record, other than as a nominal party. The complaint alleged that he was manager of the Harvest House Restaurant and desired to dance to the music played there. He alleged that ordinance 633 unconstitutionally prohibited him from engaging in protected activity. The trial court made no finding with regard

to Richard De Golier. He did not appear at trial and the record is unclear as to whether he was represented by counsel for Harvest House. Assuming his allegations to be true and that he appeared through counsel at trial, there is nothing in the record to save his suit from mootness. He alleged only that he desired to dance at the Harvest House Restaurant. Because the restaurant no longer exists, his suit must also fail. *State v. Turner,* 98 Wn.2d 731, 658 P.2d 658 (1983); *Grays Harbor Paper Co. v. Grays Harbor Cy., supra.*

"It is a general rule that, where only moot questions or abstract propositions are involved, or where the substantial questions involved in the trial court no longer exist, the appeal . . . should be dismissed." *Sorenson v. Bellingham,* 80 Wn.2d 547, 558, 496 P.2d 512 (1972). An exception to this rule exists where we determine the moot issue to be of substantial or continuing public interest. *Sorenson,* at 558. The governing criteria in this determination are whether: (1) the issue presented is of a public or private nature, (2) it is desirable to provide guidance to public officers, and (3) the issue is likely to recur. *Sorenson,* at 558.

The instant issue, although of notable academic interest, does not meet this test. Appellants admit that Lynden is the only city in Washington state to prohibit ballroom dancing where liquor by the drink is sold. Although the issue is undoubtedly of great interest to its residents, it is not of sufficient importance to the public at large to warrant our review under these circumstances.

The appeal is dismissed.

BRACHTENBACH, DOLLIVER, DIMMICK, and PEARSON, JJ., and CUNNINGHAM, J. Pro Tem., concur.

WILLIAMS, C.J. (dissenting)—I disagree that the issue in this case is moot, or of purely academic interest. Had the case become moot, the issue presented is one of substantial public interest, capable of recurring. I would reach the question of the validity of the City of Lynden's ordinance

633 which prohibits all dancing in establishments where alcoholic beverages are sold. In resolution of that issue, the ordinance is not valid.

Generally, we do not review moot cases or proceedings. *Leonard v. Bothell,* 87 Wn.2d 847, 557 P.2d 1306 (1976); *Grays Harbor Paper Co. v. Grays Harbor Cy.,* 74 Wn.2d 70, 442 P.2d 967 (1968). The term "moot" is generally applied to cases where the determination does not rest on existing facts or rights, cases in which no judgment rendered could be carried into effect, or cases in which no actual controversy exists. 5 Am. Jur. 2d *Appeal and Error* § 762 (1962). The majority's position is that the case has become moot because appellant, Harvest House Restaurant, Inc. (Harvest House), has leased the restaurant, and has no existing rights or interest.

Harvest House retains a sufficient interest in the licensed premise to withstand dismissal for mootness. Appellant submitted an affidavit stating that it had an obligation under the lease to the current proprietors to take back the lease and the liquor license should the existing business fail. In that event, or at the expiration of the lease, Harvest House would again want to resume dancing there. While Harvest House's interest is less immediate than when this litigation began, it is nonetheless real. Property rights include future obligations and the right to operate a lawful business. *Lee & Eastes, Inc. v. Public Serv. Comm'n,* 52 Wn.2d 701, 328 P.2d 700 (1958). Harvest House has an existing property interest in the business, and the validity of the statute is not academic to it. At some point in the future, either at the expiration of the lease or sooner, if the current business fails, the judgment in this case will have a direct impact on the appellant. In the interest of judicial economy, we should decide the case now, rather than require appellants to begin the litigation anew.

As an exception to the general rule of declining to decide moot cases, this court will review a case which has substantial public interest. Criteria for determining whether such a public interest exists includes: (1) the public nature of the

question, (2) the desirability of a decision for the guidance of public officials, and (3) the likelihood of recurrence. *Leonard v. Bothell, supra* at 849; *Hartman v. State Game Comm'n*, 85 Wn.2d 176, 532 P.2d 614 (1975).

The enacted ordinance has immediate applicability to the residents of Lynden. But beyond its impact on this small community, the case questions the extent of police power authorized to municipalities under our state laws controlling liquor, and is thus of importance to other officials in other municipalities. In addition, the owners of a tavern in Lynden submitted an affidavit stating that they, too, are desirous of obtaining permission to allow dancing on their premises. The majority's dismissal of their interest because there are no facts from which to determine the ordinance's applicability to them, ignores that this case presents issues of law only. We are not asked to direct the issuance of a permit to allow dancing, but to determine the validity of the ordinance in question.

The degree of regulation permitted governmental entities varies with the classification of the business and the authority under which it is passed. The right of the State to control and regulate alcoholic beverages is long established, and the State may prohibit it entirely. *State ex rel. Shannon v. Sponburgh*, 66 Wn.2d 135, 401 P.2d 635 (1965); *State ex rel. Thornbury v. Gregory*, 191 Wash. 70, 70 P.2d 788 (1937). Businesses which involve some social or economic evil, including liquor, may be regulated to a greater extent than ordinary business pursuits conducted on private property. *Seattle v. Bittner*, 81 Wn.2d 747, 505 P.2d 126 (1973). Some conduct, otherwise constitutionally protected, may be prohibited by a state under its broad powers of regulation of liquor. *California v. LaRue*, 409 U.S. 109, 34 L. Ed. 2d 342, 93 S. Ct. 390 (1972). We recognized in *Seattle v. Hinkley*, 83 Wn.2d 205, 208, 517 P.2d 592 (1973) that the power of the State to regulate liquor has been extended to municipalities under RCW 66.08.120 and RCW 66.28.080.

The powers of a municipality to regulate are not without

limit. Const. art. 11, § 11 authorizes cities to adopt ordinances in the exercise of their police power so long as they are not in conflict with the state constitution or general laws, and further provided the state enactment does not show on its face that it was intended to be exclusive. *State v. Lundquist,* 60 Wn.2d 397, 374 P.2d 246 (1962). The ordinance must bear a reasonable relation to a lawful purpose—the promotion of health, welfare, safety, or morals. *Lundquist,* at 400. The power of a political subdivision is limited strictly to that granted by the Legislature. *State ex rel. Bain v. Clallam Cy. Bd. of Cy. Comm'rs,* 77 Wn.2d 542, 463 P.2d 617 (1970); *State ex rel. King Cy. v. Superior Court,* 33 Wn.2d 76, 204 P.2d 514 (1949).

The Legislature has preempted the field of liquor licensing and taxation, but granted municipalities power to adopt police ordinances and regulations not in conflict with RCW Title 66 or regulations made by the Liquor Control Board. RCW 66.08.120.[2] RCW Title 66 is an exercise of police power for the protection of the health, welfare, peace, morals, and safety of the people of the state. RCW 66.08.010. Thus, any ordinance enacted by a municipality which regulates liquor must first not conflict with other provisions of RCW Title 66 and, second, must be reasonably related to the legitimate exercise of police power. *See also State v. Seattle,* 94 Wn.2d 162, 615 P.2d 461 (1980); *Markham Advertising Co. v. State,* 73 Wn.2d 405, 439 P.2d 248 (1968), *appeal dismissed,* 393 U.S. 316 (1969).

---

[2] RCW 66.08.120 provides:

"No municipality or county shall have power to license the sale of, or impose an excise tax upon, liquor as defined in this title, or to license the sale or distribution thereof in any manner; and any power now conferred by law on any municipality or county to license premises which may be licensed under this section, or to impose an excise tax upon liquor, or to license the sale and distribution thereof, as defined in this title, shall be suspended and shall be of no further effect: *Provided,* That municipalities and counties shall have power to adopt police ordinances and regulations not in conflict with this title or with the regulations made by the board."

Lynden's ordinance,[3] prohibiting all dancing on state licensed premises, conflicts with state law. We have said that a conflict exists when "'. . . the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa . . . Judged by such a test, an ordinance is in conflict if it forbids that which the statute permits'." *Snohomish Cy. v. State,* 97 Wn.2d 646, 649, 648 P.2d 430 (1982), quoting *State v. Lundquist, supra.* RCW 66.28.080 permits dancing on licensed premises under some circumstances. Lynden's ordinance forbids dancing under all circumstances.

RCW 66.28.080 provides, in part:

It shall be unlawful for any person, firm or corporation holding any retailer's license to permit or allow upon the premises licensed any music, dancing, or entertainment whatsoever, *unless and until permission thereto is specifically granted by appropriate license or permit* of the proper authorities of the city or town in which such licensed premises are situated . . .

(Italics mine.) It is apparent that the authority granted municipalities is to issue or deny permits. *Corral, Inc. v. State Liquor Control Bd.,* 17 Wn. App. 753, 759, 566 P.2d 214 (1977). The issuance or denial of permits involves a discretionary determination made on the basis of individual permit applications. *Peterson v. Department of Ecology,* 92 Wn.2d 306, 596 P.2d 285 (1979). The enactment of an ordinance which absolutely bans dancing on licensed premises precludes exercise of discretion. No reading of the statute suggests that a total ban was within the scope of authority delegated by RCW 66.28.080.

The City argues that the grant of authority to permit dancing entails the authority to withhold permission. This is certainly true. Nevertheless authority to grant or deny

---

[3]In 1981, Lynden adopted ordinance 633 amending chapter 5.04 of the Lynden Municipal Code, as follows:

"5.04.035 Dancing Prohibited—When. Dancing, either singly, or in groups of two (2) or more persons, is prohibited in any establishment where beer, wine or other intoxicating beverages are sold for on–premises consumption."

permission of dancing is not equatable to across–the–board prohibition. The Legislature did no more than delegate to local authorities discretionary power to act on individual permit applications.

If a state of facts can be conceived to exist which justifies the regulation enacted under police powers, the facts will be presumed to exist. *Homes Unlimited, Inc. v. Seattle,* 90 Wn.2d 154, 158, 579 P.2d 1331 (1978). Lynden argues that the prohibition on dancing will enable the city to maintain a smaller police force.

While some forms of dancing and other entertainment have been deemed to require additional police resources, dancing per se on premises where liquor is served does not lead to the same conclusion.[4] Nude dancing has been legitimately banned, in part because of the tendency of other illegal activities to occur simultaneously. *See California v. LaRue, supra; Richter v. Department of Alcoholic Beverage Control,* 559 F.2d 1168 (9th Cir. 1977); *Bolser v. State Liquor Control Bd.,* 90 Wn.2d 223, 580 P.2d 629 (1978).

Prohibition of nude dancing has been shown necessary by a factual nexus between its occurrence and police involvement. For example, in *LaRue,* hearings had been held which disclosed sexual conduct between dancers and customers, prostitution, rape, and assault on police in and around licensed premises. In *Richter,* hearings showed that a vast number of various crimes were taking place on or near the premises which had sexually explicit entertainment. In *Bolser,* a showing was made that there were increases in arrests of disorderly persons, and other violations of the liquor act where topless table dancing was permitted.

Lynden has not made any such showing of a connection

---

[4]The prohibition of dancing was enacted as a part of an ordinance which does permit dancing and serving liquor. Issuance of single dance permits is limited to three permits by one applicant in any 60–day period. The appellant did not raise this possible equal protection argument, and I mention it only to illustrate that the Lynden City Council must not have believed that drinking and dancing inevitably leads to evil results.

between dancing per se and increased need for police intervention. A Lynden police officer testified that he had responded to calls for assistance to break up barroom brawls in neighboring communities that permit dancing on licensed premises. The officer was unable to say whether there was any connection between dancing and the brawls, or even whether the bars to which he was called permitted dancing.

Lynden introduced evidence that its police force was smaller than other towns of comparable size that permit dancing in bars. Many factors may account for the difference in size of the respective police forces. None of those possible factors were eliminated, nor were any correlations offered to show that dancing in bars created the need for a larger police force.

Respondent cites *Bungalow Amusement Co. v. Seattle,* 148 Wash. 485, 269 P. 1043, 60 A.L.R. 166 (1928) for the proposition that a municipality may totally ban public dance halls. To the extent that this case retains any current vitality, it can be distinguished. There the ordinance was concerned with permits for operation of dance halls in which permits had been procured by fraud, or where indecent or violent acts were permitted, or where solicitation of dances or drinks on a commission basis occurred. The evils sought to be avoided in the ordinance in that case were rationally related to legitimate ends.

## Conclusion

The controversy in this case is not moot, because appellant retains an interest in the current lease of the premises. The ordinance passed by the City Council of Lynden conflicts with RCW 66.28.080 by prohibiting what the statute permits. A total prohibition of dancing is not rationally related to the promotion of the health, safety, morals, and welfare of the public, and is therefore invalid.

ROSELLINI and DORE, JJ., concur with WILLIAMS, C.J.